528 So.2d 129 (1988)
Rafael Erodis PEREZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 87-1616.
District Court of Appeal of Florida, Third District.
July 19, 1988.
*130 Bennett H. Brummer, Public Defender and Beth C. Weitzner, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Margarita M. Febres, Asst. Atty. Gen., for appellee.
Before BARKDULL, BASKIN and FERGUSON, JJ.
BARKDULL, Judge.
The appellant was convicted of three offenses: attempted first-degree murder with a firearm (count one), armed robbery with a firearm (count two), and display of a firearm during the commission of the attempted first-degree murder or armed robbery (count three). He received two, twenty-year concurrent prison terms on counts one and two, and a concurrent fifteen-year prison term on count three. Because his display of the firearm arose out of the same act upon which the attempted murder and robbery convictions were based, the conviction and sentence imposed for the third count was error.
In Hall v. State, 517 So.2d 678 (Fla. 1988), the Supreme Court, in accordance with Carawan v. State, 515 So.2d 161 (Fla. 1987), held that where the display of a firearm arises out of a single act, the imposition of convictions for both robbery with a firearm and display of a firearm during a criminal offense results in impermissible dual punishment. Following Hall, the First District Court of Appeal in Burgess v. State, 524 So.2d 1132 (Fla. 1st DCA 1988) held that where a defendant was convicted of two counts of attempted first-degree murder, which offenses were reclassified to life felonies because of the defendant's display of a firearm, he could not also be convicted of use of a firearm during the commission of a felony since the latter conviction comprised dual punishment for the same act.[1]
The holdings of Hall and its progeny clearly apply to the instant case. The facts established that the defendant entered a gas station, pointed a handgun at the victim and demanded cash. As the victim began to walk away and the defendant told him to stop or he would shoot, the victim started to run, and the defendant fired one shot and then fled. Based upon the foregoing, the defendant was convicted of both attempted armed first-degree murder and armed robbery. Because of the defendant's use of the firearm, the attempted first-degree murder conviction was reclassified to a life felony pursuant to Section 775.087(1)(a), Florida Statutes (1985). Likewise, because of his use of the firearm, the defendant's robbery conviction was elevated to a first-degree felony punishable by life imprisonment. The defendant's additional conviction for display of a firearm during a felony was based upon his use of the same firearm during the attempted murder and/or robbery. Since the display of a firearm conviction was based upon the same act of using the weapon that was involved in both the attempted first-degree murder and robbery, and the two latter convictions were enhanced because of the use of the firearm, the imposition of a conviction and sentence for display of the firearm resulted in prohibitive cumulative punishment for the same act. Hall, supra; Burgess, supra. We therefore reverse this conviction, and sentence[2] with directions to strike same from the judgment and sentence.
Reversed and remanded with directions.
NOTES
[1] Accord, Cooper v. State, 524 So.2d 738 (Fla. 1st DCA 1988) (robbery with a deadly weapon and display of a weapon during a felony); McKinnon v. State, 523 So.2d 1238 (Fla. 1st DCA 1988) (manslaughter, reclassified based on display of a firearm, and use of a firearm during felony); Hogan v. State, ___ So.2d ___, 13 F.L.W. 960 (Fla. 1st DCA April 7, 1988) (armed robbery and use of a firearm during felony); Wright v. State, 519 So.2d 1157 (Fla. 5th DCA 1988) (armed robbery and possession of a firearm during felony).
[2] Reversal of the display of the firearm conviction and sentence will not affect the guidelines score computation.