587 So.2d 1145 (1991)
Quinten L. CLEVELAND, Petitioner,
v.
STATE of Florida, Respondent.
No. 77491.
Supreme Court of Florida.
October 17, 1991.
*1146 James B. Gibson, Public Defender and James T. Cook, Asst. Public Defender, Seventh Judicial Circuit, Daytona Beach, for petitioner.
Robert A. Butterworth, Atty. Gen. and David S. Morgan, Asst. Atty. Gen., Daytona Beach, for respondent.
McDONALD, Justice.
We review Cleveland v. State, 574 So.2d 289 (Fla. 5th DCA 1991), because of direct conflict with Graham v. State, 559 So.2d 410 (Fla. 2d DCA 1990).[*]
Cleveland was convicted of and sentenced for the two crimes of attempted robbery with a firearm, sections 812.13(1) and (2)(a) and 777.04, Florida Statutes (1989), and use of a firearm while committing a felony, section 790.07(2), Florida Statutes (1989). The convictions stemmed from a single act committed by Cleveland. The issue under review is whether both convictions are proper. In the instant case, the Fifth District Court of Appeal held that both convictions were proper. The holding was in direct conflict with the Second District Court of Appeal's decision in Graham, which held that similar dual convictions constituted a violation of double jeopardy.
In Hall v. State, 517 So.2d 678 (Fla. 1988), we ruled that the imposition of convictions for both robbery with a firearm and the display of a firearm during a criminal offense was improper when the convictions arose out of a single act. Our rationale in Hall was predicated in large part on Carawan v. State, 515 So.2d 161 (Fla. 1987). The special concurring opinion in the decision under review and the state both contend that the legislature's enactment of the 1988 amendment to section 775.021(4) of the Florida Statutes repudiated the rationale supporting Carawan. They further contend that because the Hall decision utilized the Carawan holding, Hall is no longer valid and we should return to State v. Gibson, 452 So.2d 553 (Fla. 1984), in which similar dual convictions were permitted.
We disagree and hold that Hall still controls. It should be noted that Cleveland's attempted robbery conviction was enhanced from a second-degree felony to a first-degree felony because of the use of the firearm. Upon this enhancement Cleveland was punished for all the elements contained in section 790.07(2) and appropriately sentenced. Although such an enhancement was properly recognized by the Third District Court of Appeal in Perez v. State, 528 So.2d 129 (Fla. 3d DCA 1988), as a material factor in deciding whether there has been improper cumulative punishment for the same act, it was apparently overlooked in this case.
We hold that when a robbery conviction is enhanced because of the use of a firearm in committing the robbery, the single act involving the use of the same firearm in the commission of the same robbery cannot form the basis of a separate conviction and sentence for the use of a firearm while committing a felony under section 790.07(2).
We quash the decision under review, approve Graham and Perez, and remand for further proceedings consistent herewith.
It is so ordered.
SHAW, C.J. and OVERTON, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[*] We have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution.