588 So.2d 1058 (1991)
Olimpio CERKELLA, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-1809.
District Court of Appeal of Florida, Third District.
November 12, 1991.
*1059 Bennett H. Brummer, Public Defender, and Bruce A. Rosenthal, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard Polin, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and NESBITT and FERGUSON, JJ.
FERGUSON, Judge.
Cerkella, who was convicted of attempted first-degree murder and possession of a firearm in the commission of the attempted murder, complains here that he should have been allowed to represent himself at trial.
The defendant asks us to focus on the adequacy of the trial court's on-the-record inquiry into the defendant's competency to waive counsel as a separate ground for reversal. We are compelled to reverse the conviction, however, only if "[t]he record affirmatively shows that [the defendant] was literate, competent, and understanding, and that he was voluntarily exercising his informed free will" in the quest to represent himself. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); Muhammad v. State, 494 So.2d 969 (Fla. 1986), cert. denied, 479 U.S. 1101, 107 S.Ct. 1332, 94 L.Ed.2d 183 (1987); Brevard County Bd. of Comm'rs v. State, 516 So.2d 968 (Fla. 5th DCA 1987), rev. denied, 528 So.2d 1183 (Fla. 1988). A thorough on-the-record examination of the defendant on a motion to waive counsel is not required where the court, in denying the motion, also expressly relies on observations of the defendant and other evidence in the record which support the decision. Ashcraft v. State, 465 So.2d 1374 (Fla. 2d DCA 1985).
For the purposes of this discussion we assume, and it is not disputed, that the defendant was competent to stand trial. That fact, however, is not determinative of the issue of competency to waive counsel. "One might not be insane in the sense of being incapable of standing trial and yet lack the capacity to stand trial without benefit of counsel." Muhammad v. State, 494 So.2d at 974 (quoting from Massey v. Moore, 348 U.S. 105, 108, 75 S.Ct. 145, 147, 99 L.Ed. 135, 138 (1954)). The requirement that a defendant be literate and understanding are factors which, in combination with competency, constitute capacity to stand trial without the benefit of counsel. Muhammad at 975.
Although the court's inquiry of the defendant was brief, it is clear that reasons for denying the request for self-representation were based on in-court observations of the defendant over a period of months as well as knowledge of the defendant's background as found in the record:
[Defense counsel]: Second motion: He related to me, he wants to represent himself. I told him, he doesn't want to listen to me.
The Court: Form there 
[Defense counsel]: There are three motions.
The Court: Good morning, Mr. Cerkella.
We are going to start your trial in a couple of minutes. I would ask throughout the trial you refrain from interrupting the trial because you're going to do yourself not any good, you will only get the jurors upset with you and that would not be a good idea.
Well, as the Court  additionally, Mr. Gainor told the Court, you wish to address the jurors yourself, or would you rather have  I'm going to speak directly.

*1060 The Defendant: I do have difficulty speaking. I need a good interpreter, a good interpreter to translate the work, I'll say.
The Court: Mr. Cerkella, how many years of school have you had?
The Defendant: Second grade. But I do realize what is going on. I do not  jury trial, a jury trial.
The Court: What kind of work do you do?
[Prosecutor]: Mr. Cerkella 
The Court: Excuse me. Let's not rehash things. I have already made the decision on this situation.
It's clear to me that you are not capable of representing yourself due to your language, due to your educational background, and due to your lack of understanding of law, and of your demeanor which I have had the opportunity to watch over the last few months.
However, I would like to give you the most opportunity I can to participate in your trial if you wish, so my suggestion is that you let Mr. Gainor make the beginning statement to the jurors and question the witnesses.
But then at the end of the trial, and of course you can talk continuously to Gainor and tell him things you want him to ask and say.
At the end of the trial perhaps if you have conducted yourself in a good manner throughout the trial and it appears to me you will not interrupt the proceeding, I'll give you an opportunity as well as Mr. Gainor to address the jurors and explain to them whatever it is you wish to tell them.
That will be at the end of the case. Okay. I'll give you whatever opportunity you wish to talk to them and explain what you want to that makes sense.
Six court-appointed mental health experts examined the defendant and filed reports which are illuminating on the question of literacy and the ability of the defendant to understand the benefits and advantages of representation by a trained and experienced attorney. By his own admission, the defendant does not speak English and is illiterate in his native Spanish language. He told the examiners and the court that he had completed only the first grade in primary school. Further, he told examiners that he had previously been in a mental hospital and was still under the care of a psychiatrist.
A psychiatrist reported that the defendant showed signs of an organic personality disorder and did not know how to conduct himself appropriately in certain situations. An IQ test showed the defendant functioning at the mental age of five years and eleven months. A memory function test showed that he performed at preschool level. A visual memory test showed him impaired. A logical memory test, in which the defendant is called upon to listen to simple paragraphs and tell what he immediately recalls, showed almost no recollection in forty-five minutes of testing. An oral language test revealed a mental age of five years and one month. One of the mental health experts found that the defendant was speech impaired and unable to pay attention.
In sum, the defendant in this case is unlike the well-read defendant in Muhammad, who argued "eloquently and obviously with much thought and consideration," Muhammad, 494 So.2d at 970, for the right to represent himself. Mr. Cerkella is more like the defendant in Johnston v. State, 497 So.2d 863 (Fla. 1986), who was denied the right to represent himself based on, among other things, a lack of education, a lack of experience in the criminal justice system, reports of psychiatrists showing mental impairment, and past admissions into mental hospitals, all of which showed affirmatively that he needed the assistance of counsel in order to receive a fair trial. On this waiver of counsel point we affirm.
While this appeal was pending, the Florida supreme court decided Cleveland v. State, 587 So.2d 1145 (Fla. 1991), which holds that when a felony conviction is enhanced because of the use of a firearm in committing the felony, the single act involving the use of the same firearm in the commission of the felony cannot form the *1061 basis of a separate conviction and sentence for the use of the firearm. Our affirmance on the question presented does not preclude a reexamination, in light of Cleveland, of the conviction and sentence for use of the firearm.
Affirmed and remanded accordingly.