PER CURIAM.
James Anthony Pridgen has appealed his conviction of two counts of displaying a firearm during the commission of a felony, contrary to section 790.07(2), Florida Statutes (1989). We reverse and remand with directions to vacate only these convictions.[1]
The convictions herein appealed correspond to the charges of armed robbery and aggravated assault. Robbery is a second-degree felony, which is enhanced to a first-degree felony punishable by a term of years not exceeding life imprisonment, if the offender carries a firearm in the course of committing the robbery. Section 812.-13(2)(a), Fla.Stat. (1989). The charge against Pridgen was so enhanced. Similar *1120 ly, simple assault is a second-degree misdemeanor, which is enhanced to aggravated assault, a third-degree felony, if committed with a deadly weapon without intent to kill. Section 784.021(l)(a), Fla.Stat. (1989). The charge against Pridgen was so enhanced.
Pridgen argues on appeal that, when charges are enhanced based on the use of a firearm, use of the same firearm in committing the same offense cannot form the basis of a separate conviction under section 790.07(2), Florida Statutes (1989).[2] See Hall v. State, 517 So.2d 678 (Fla.1988); Cleveland v. State, 587 So.2d 1145 (Fla. 1991). The state concedes that Pridgen was improperly convicted under section 790.07(2), and asks that the case be remanded for vacation of those convictions and their respective sentences. Based on the foregoing authorities, and on the state’s concession of error, we reverse and remand for vacation only of the convictions and sentences under section 790.07(2).
Reversed and remanded with directions.
JOANOS, C.J., and ERVIN and WIGGINTON, JJ., concur.

. Aside from the two convictions herein appealed, Pridgen was convicted of resisting arrest without violence, armed robbery, battery on a law enforcement officer, and aggravated assault. Pridgen appeals only his convictions under section 790.07(2), and we do not intend by this opinion to disturb the remaining convictions.

. This statute provides that “[w]hoever, while committing any felony ... displays, uses, threatens, or attempts to use any firearm ... is guilty of a felony of the second degree....”