PER CURIAM.
Robert Mulkey appeals convictions and sentences for attempted second degree murder with a firearm, enhanced because he used a firearm, and possession of a firearm during the commission of the attempted murder.
Finding that the trial court did not err in permitting the state to exercise peremptory challenges to strike two black prospective jurors, we affirm defendant's conviction for attempted second degree murder with a firearm. Bowden v. State, 588 So.2d 225, 229 (Fla.1991), cert. denied, — U.S. -, 112 S.Ct. 1596, 118 L.Ed.2d 311 (1992); and eases cited in Alen v. State, 596 So.2d 1083, 1090-1091 n. 11 (Fla. 3d DCA 1992) (Hub-bart, J. concurring) (“In criminal cases, courts have generally approved challenges *992 by the state to potential jurors who have either been charged with crimes or had close relatives so charged.”); see Green v. State, 583 So.2d 647 (Fla.1991), cert. denied, — U.S. -, 112 S.Ct. 1191, 117 L.Ed.2d 432 (1992). However, we set aside the judgment of conviction and sentence for possession of a firearm during the commission of the attempted murder. Cleveland v. State, 587 So.2d 1145 (Fla.1991); McGahee v. State, 600 So.2d 9 (Fla. 3d DCA 1992); Cerkella v. State, 588 So.2d 1058 (Fla. 3d DCA 1991); Perez v. State, 528 So.2d 129 (Fla. 3d DCA 1988), approved, 587 So.2d 1145 (Fla.1991). The cause is remanded for resentencing.
Affirmed in part; reversed in part; and remanded.