617 So.2d 744 (1993)
Kevin Bernard BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 91-579.
District Court of Appeal of Florida, First District.
April 12, 1993.
Rehearing Denied May 26, 1993.
*745 Nancy A. Daniels, Public Defender, Glenna Joyce Reeves, Asst. Public Defender, Tallahassee, for appellee.
Robert A. Butterworth, Atty. Gen., Wendy S. Morris, Asst. Atty. Gen., Tallahassee, for appellee.
WOLF, Judge.
Brown appeals from a judgment and sentence entered after he was found guilty of armed robbery with a firearm, attempted first-degree murder, and use of a firearm during the commission of a felony, to wit: attempted murder and shooting a firearm into a building. Appellant raises a number of issues on appeal, only two of which have merit and will be discussed in this opinion: (1) Whether the appellant could be convicted and sentenced for possession of a firearm during the commission of a felony, to wit: attempted first-degree murder where he was also found guilty and received an enhanced sentence for carrying a firearm during the commission of a robbery where both crimes took place during the same criminal episode, and (2) whether the trial court erred in determining that a life sentence was mandatory pursuant to the habitual offender statute for the convictions of armed robbery with a firearm and attempted first-degree murder. We reverse as to these issues.
On December 30, 1989, Osborne Hall, manager of a convenience store, was robbed by two men. Mr. Hall was shot after the goods were taken, but prior to the robbers leaving the store, by a man who was later determined by a jury to be the appellant. At sentencing, appellant was declared to be a habitual felony offender. The court determined that a life sentence was mandatory under section 775.084(4)(a)(1), Florida Statutes, for the armed robbery and the attempted first-degree murder. Since the time of sentencing, however, the supreme court has issued its opinion in Burdick v. State, 594 So.2d 267 (Fla. 1992), which held that sentencing under section 775.084(4)(a)(1) is permissive rather than mandatory. We, therefore, vacate the sentences as to these counts and remand for resentencing.
The appellant also asserts that the separate convictions and sentences for armed robbery with a firearm and possession of a firearm during the commission of a felony are impermissible as a violation of *746 his right against double jeopardy. With respect to cumulative sentences in a single trial, the dispositive question is whether the Legislature intended separate convictions and sentences for the two crimes. State v. Smith, 547 So.2d 613, 614 (Fla. 1989). In State v. Smith, the supreme court recognized that the Legislature expressed its specific intent concerning separate convictions and sentences for two crimes committed during the same criminal transaction by the passage of chapter 88-131, section 7, Laws of Florida (codified in section 775.021(4)(b), Florida Statutes). The court stated in Smith that "absent a statutory degree crime or a contrary clear and specific statement of legislative intent ... all criminal offenses containing unique statutory elements shall be separately punished" and, thus, "section 775.021(4)(a), Florida Statutes, should be strictly applied without judicial gloss." Smith, supra at 616. Section 775.021(4)(a), Florida Statutes (1991), reads as follows:
Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purpose of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.

(Emphasis supplied).
In order to conduct the statutory analysis mandated by section 775.021(4)(a), it is necessary to look at the statutory language contained in the charges against appellant. Appellant was charged with armed robbery, section 812.13(1) and (2)(a), Florida Statutes; attempted first-degree murder, section 782.04(1)(a) and 777.04 (attempt statute); and use of a firearm during the commission of a felony, to wit: attempted first-degree murder, section 790.07(2), Florida Statutes. The statutes which are relevant to the double jeopardy analysis read as follows:
Section 812.13(1) and (2)(a):
(1) "Robbery" means the taking of money or other property which may be the subject of larceny from the person or custody of another when in the course of the taking there is the use of force, violence, assault, or putting in fear.
(2)(a) If in the course of committing the robbery the offender carried a firearm or other deadly weapon, then the robbery is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.084.
Section 782.04(1)(a):
(1)(a) The unlawful killing of a human being:
1. When perpetrated from a premeditated design to effect the death of the person killed or any human being; or
2. When committed by a person engaged in the perpetration of, or in the attempt to perpetrate, any:
.....
d. Robbery,
.....
is murder in the first degree and constitutes a capital felony, punishable as provided in s. 775.082.
Section 790.07(2):
Whoever, while committing or attempting to commit any felony, displays, uses, threatens, or attempts to use any firearm or carries a concealed firearm is guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, and s. 775.084.
It is undisputed that all three crimes were committed as part of the same criminal transaction or episode. The state argues, however, that a strict application of section 775.021(4) will reveal that armed robbery with a firearm, attempted first-degree murder, and possession of a firearm during the commission of a felony, to wit: attempted first-degree murder, are three separate criminal charges.
In Harper v. State, 537 So.2d 1131 (Fla. 1st DCA 1989), this court held that convictions *747 for first-degree murder and use of a firearm during the commission of a felony were permissible since the first-degree murder statute neither requires use of a firearm as an element, nor can it be enhanced under section 775.087, Florida Statutes (1987). The statutory analysis reveals that armed robbery with a firearm and attempted first-degree murder each require proof of an element that the other does not.
The more difficult issue concerns the crimes of armed robbery with a firearm and possession of a firearm during the commission of a felony. The state argues that since the charge in the instant case was possession of a firearm during the commission of an attempted first-degree murder that this charge contains separate elements from robbery with a firearm. Section 790.07(2), Florida Statutes, however, does not specify what felony must be committed to constitute a violation. The statute simply says that use of a firearm during the commission of a felony is a second-degree felony. It is only by looking at the accusatory pleading that we learn that the underlying felony is attempted first-degree murder. Section 775.021(4), Florida Statutes, however, states that we must only look at the statutory language rather than the accusatory pleading or proof adduced at trial in performing the double jeopardy analysis. See State v. McCloud, 577 So.2d 939 (Fla. 1991). Under this analysis, the charge of possession of a firearm during the commission of a felony does not contain any elements that are distinct from the armed robbery with a firearm and, since both crimes occurred during the same criminal transaction, the appellant could not be convicted and sentenced as to both.
In Cleveland v. State, 587 So.2d 1145 (Fla. 1991), the supreme court appeared to utilize a different analysis in determining that "where a robbery conviction is enhanced because of the use of a firearm in committing the robbery, the single act involving use of the same firearm in committing the same robbery cannot form the basis of separate conviction and sentence for use of a firearm while committing a felony under section 790.07(2)."[1]Id. at 1146. The Cleveland decision does not utilize section 775.021(4), Florida Statutes, in reaching the decision, but rather focuses on whether a person should be subjected to two penalties for committing the same act.[2] The analysis in Cleveland, therefore, appears to focus on whether there were separate and distinct acts, unlike the analysis in Daniels v. State, 595 So.2d 952 (1992), which determined that consecutive mandatory minimums could not be imposed for the same criminal episode. In this case, we have two distinct underlying criminal acts during which a firearm was carried. The robbery and attempted first-degree murder, while part of the same transaction, were distinct acts. The enhancement for use of a firearm only applied to the robbery. The possession of a firearm during the commission of the attempted murder has not been enhanced nor punished. Therefore, if the Cleveland analysis is truly act specific and it is utilized, separate convictions and punishments may be permissible.
It appears, however, that the appropriate analysis is the one contained in section 775.021(4), Florida Statutes (1991). We, therefore, reverse the conviction for possession of a firearm during the commission of a felony, but certify the following question to be one of great public importance:
WHETHER A PERSON WHO HAS BEEN CONVICTED OF ARMED ROBBERY WITH A FIREARM AND ATTEMPTED FIRST-DEGREE MURDER WHICH ARISES OUT OF THE SAME CRIMINAL EPISODE OR TRANSACTION MAY ALSO BE CONVICTED OF *748 POSSESSION OF A FIREARM DURING THE COMMISSION OF A FELONY, TO WIT: ATTEMPTED FIRST-DEGREE MURDER, WHERE THERE HAS BEEN NO ENHANCEMENT OF THE ATTEMPTED MURDER CHARGE AS A RESULT OF USE OF THE FIREARM.
MINER, J., concurs.
ERVIN, J., concurs in result.
NOTES
[1] Prior to Cleveland v. State, 587 So.2d 1145 (Fla. 1991), it appeared courts only departed from the statutory analysis contained in § 775.021(4) in cases involving imposition of consecutive mandatory minimum sentences. Daniels v. State, 595 So.2d 952 (Fla. 1992); State v. Boat-wright, 559 So.2d 210 (Fla. 1990); Highsmith v. State, 595 So.2d 1072 (Fla. 2d DCA 1992).
[2] A similar result was reached by the third district in McGahee v. State, 600 So.2d 9 (Fla. 3d DCA 1992), and Mulkey v. State, 602 So.2d 991 (Fla. 3d DCA 1992).