PETERSON, Judge,
concurring in part; dissenting in part.
I would affirm all three convictions and I respectfully dissent to the majority’s reversal of the conviction for carrying a concealed weapon while committing a felony.
In Cleveland v. State, 587 So.2d 1145 (Fla.1991), the supreme court held that a person cannot be convicted of both attempted robbery with a firearm and use of a firearm while committing a felony where the charges stem from a single act. In the instant case, Steams was convicted of armed attempted burglary and carrying a concealed weapon *256 while committing a felony. At first blush, the latter conviction would appear to be precluded by Cleveland. The instant ease, however, involves a third charge, a factor not present in Cleveland. The convictions are proper because there are two underlying offenses, only one of which — the attempted burglary — was enhanced for use of a firearm. The separate charge of possession of a weapon was proper because it was made in connection with the unenhanced theft charge.
Another difference between Cleveland and the instant case is that the charges there arose out of a single act. Here, because Stearns committed two separate criminal acts — the attempted burglary and the theft— it was proper to enhance the burglary charge and, in a sense, also to enhance the theft charge by charging him with the separate weapons possession violation. In Perez v. State, 528 So.2d 129 (Fla. 3d DCA 1988), the defendant was convicted of possession of a firearm during the commission of a felony in addition to convictions for attempted murder and robbery, both of which were enhanced for use of a firearm. The court reversed the possession conviction but let stand without comment the enhanced attempted murder conviction and the enhanced robbery conviction. Although the propriety of the enhancement of both of the latter convictions may not have been in issue, the lack of comment on the issue is notable as is the lack of comment by the Cleveland court which cited Perez with approval.
After the supplemental briefs in this appeal were filed, the First District issued its opinion in Brown v. State, 617 So.2d 744 (Fla. 1st DCA 1993). In Brown, as in the instant case, there were three convictions, two of which were for distinct underlying criminal acts. In Brown, the robbery conviction was enhanced to armed robbery with a firearm and the defendant was convicted of use of a firearm in connection with the third conviction, attempted murder. The Brown court reversed the possession conviction stating that it was necessary to refer to the charging document to learn that the possession charge was made in connection with the charge of attempted murder, rather than in connection with the charge of armed robbery with a firearm. The court reasoned that, since section 775.021(4)(a) provides that multiple convictions analysis of the criminal statutes in issue must be made “without regard to the accusatory pleading or the proof adduced at trial,” the possession conviction could not stand.
However, in a double jeopardy or multiple convictions analysis, reference to the accusatory pleading must be made at some point. Otherwise, no person could be convicted, ever, of more than one count of the same crime, notwithstanding that the various counts may refer to various victims or various dates of commission. As explained by our respected former colleague, Judge Co-wart:
[T]he factual circumstances upon which the multiple similar charges are based must also be examined to ascertain if the multiple theoretically “same offense” charges are based on the same or on different factual events. It is very important to note that the inquiry into factual “sameness” or “difference” is a secondary double jeopardy inquiry that is never reached if the statutory offenses pass the Blockbur-ger test for “difference.” This factual inquiry is made, secondarily, only after it has already been determined that the two compared statutory offenses have failed the Blockburger test for difference and are, constitutionally, “the same offense.” This factual inquiry must not be confused or commingled with the Blockburger test or its application to the particular statutory offenses in the same ease.
Baker v. State, 425 So.2d 36 (Fla. 5th DCA 1982.) Cowart, J., dissenting (footnote omitted).
I note, however, the Brown court’s reference to State v. McCloud, 577 So.2d 939 (Fla.1991), in which the supreme court reiterated that multiple convictions analysis must be made without regard to the pleadings or proof. The supreme court previously made that statement in State v. Rodriquez, 500 So.2d 120 (Fla.1986) which this court relied on in Sirmons v. State, 603 So.2d 82 (5th DCA), jurisdiction accepted, 613 So.2d 9 (Fla.1992). Since the instant case is more like Cleveland than it is like Rodriquez, I *257 think the analysis used in Cleveland should be followed. In Cleveland the court held that, once the attempted robbery conviction was enhanced for the use of a firearm, the defendant was punished for all of the elements contained in the separate possession charge. That being so, the possession conviction could not stand. In the instant case Stearns was punished for possessing the weapon while committing the attempted burglary, because the attempted burglary conviction was enhanced. However, Stearns would be not be punished for possession of the weapon while committing the theft unless the separate possession conviction were allowed to stand. I would hold that it was proper to punish the armed attempted burglary by enhancing the burglary conviction to armed attempted burglary and at the same time to punish the armed theft by convicting Stearns of theft and the separate weapons charge.