633 So.2d 1059 (1994)
STATE of Florida, Petitioner,
v.
Kevin Bernard BROWN, Respondent.
No. 82002.
Supreme Court of Florida.
March 17, 1994.
*1060 Robert A. Butterworth, Atty. Gen., James W. Rogers, Bureau Chief, Asst. Atty. Gen., and Wendy S. Morris, Asst. Atty. Gen., Tallahassee, for petitioner.
Nancy A. Daniels, Public Defender, and Kathleen Stover, Asst. Public Defender, Tallahassee, for respondent.
PER CURIAM.
We have for review Brown v. State, 617 So.2d 744, 747-48 (Fla. 1st DCA 1993), in which the First District Court of Appeal certified this question as one of great public importance:
WHETHER A PERSON WHO HAS BEEN CONVICTED OF ARMED ROBBERY WITH A FIREARM AND ATTEMPTED FIRST-DEGREE MURDER WHICH ARISES OUT OF THE SAME CRIMINAL EPISODE OR TRANSACTION MAY ALSO BE CONVICTED OF POSSESSION OF A FIREARM DURING THE COMMISSION OF A FELONY, TO WIT: ATTEMPTED FIRST-DEGREE MURDER, WHERE THERE HAS BEEN NO ENHANCEMENT OF THE ATTEMPTED MURDER CHARGE AS A RESULT OF USE OF THE FIREARM.
We have jurisdiction under article V, § 3(b)(4) of the Florida Constitution, and we answer the certified question in the negative.
Kevin Brown and Ronald Burch pulled guns on a Jacksonville convenience store manager on December 30, 1989, and robbed him of $1100. In addition, Burch told the victim, Osborne Hall, that they had to kill him because he knew their identities. Both Brown and Burch fired four to five shots at Hall, wounding him in the hand, face, shoulder, and neck.
Brown was charged with five offenses, all arising out of a single episode: (1) armed robbery; (2) attempted first-degree murder; (3) use of a firearm in the commission of a felony, to wit: attempted first-degree murder; (4) shooting into a building; and (5) possession of a firearm by a convicted felon. The trial court later severed the fifth count. A jury convicted Brown of the other four counts on December 10, 1990. The trial judge sentenced Brown to life for armed robbery, life for attempted first-degree murder, thirty years for using a firearm during the commission of a felony, and thirty years for shooting into a building. The sentences were to run concurrently.
The First District Court of Appeal reversed Brown's conviction of use of a firearm in the commission of a felony. Brown, 617 So.2d at 747. The court held that Brown could not be convicted of possession of a firearm during the commission of a felony, to wit: attempted first-degree murder, when he also received an enhanced sentence for carrying a firearm during the commission of a robbery where both crimes took place during the same criminal episode. Id. The court held that section 775.021(4)(a), Florida Statutes (1991), prohibited looking at the charging document to determine that the "felony" element of use of a firearm in the commission of a felony was attempted premeditated murder and not armed robbery or any other *1061 felony.[1]Id. In addition, the court found no distinction in the statutory elements of armed robbery and use of a firearm in the commission of felony. Because both crimes occurred during the same criminal transaction, the court concluded that Brown could not be convicted and sentenced for both. Id. The district court also certified a question as one of great public importance. Id. at 747-48.
We answer the certified question in the negative and approve the decision below.
It is so ordered.
BARKETT, C.J., and OVERTON, GRIMES, KOGAN and HARDING, JJ., concur.
McDONALD, J., concurs with an opinion.
SHAW, J., concurs in result only.
McDONALD, Justice, concurring.
I concur because the armed robbery and attempted murder were not separated by time or place. The use of the firearm enhanced the degree of the robbery conviction and, hence, Brown has been punished for its use. Had the attempted murder been committed at a distinct separate time or place, then Brown could have been convicted of both attempted murder and the use of the firearm because the attempted murder was not enhanced by the use of the firearm.
NOTES
[1] Section 775.021(4)(a), Florida Statutes (1991), says in relevant part:

[O]ffenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
(Emphasis added.)