PER CURIAM.
Upon the state’s confession of error which we think is well taken, we grant, in part, the petitioner Benjamin Moorehead’s original petition for a writ of habeas corpus based on a claim of ineffective assistance of appellate counsel — following our affirmance of petitioner’s multiple criminal convictions and sentences. Moorehead v. State, 597 So.2d 841 (Fla. 3d DCA), rev. denied, 606 So.2d 1165 (Fla.1992). The state concedes, and we agree, that appellate counsel was constitutionally deficient in failing to raise the point that petitioner’s conviction on count 14 of the information [unlawful possession of a firearm while engaged in a criminal offense] was barred by double jeopardy. The point should have been raised on the prior appeal and, if it had, it would have been successful as it was entirely meritorious, Cleveland v. State, 587 So.2d 1145 (Fla.1991); habeas corpus lies in this court to correct this constitutional error. Monzon v. Singletary, 619 So.2d 527 (Fla. 3d DCA 1993).
Accordingly, we grant, in part, the petitioner’s petition for a writ of habeas corpus, reverse the petitioner’s conviction and sentence on count 14 of the information, and remand the cause to the trial court with directions to vacate the petitioner’s conviction and sentence on count 14 of the information and to discharge the petitioner therefrom; it will not be necessary, however, to resentence the petitioner on his remaining convictions because the reversal on count 14 of the information has no impact on the sentencing guidelines upward departure sentence imposed in this case. In all other respects, the petition for a writ of habeas corpus is denied.
Petition denied in part; petition granted in part and remanded.