PER CURIAM.
Robert Earl Hubbard appeals his convictions and sentences imposed after a jury found him guilty of first degree murder,[1] robbery with a firearm,[2] use of a firearm while committing or attempting to commit a felony,[3] aggravated battery,[4] and possession of a firearm by a convicted felon[5]. We find no merit to his appeal except his contention that his dual convictions for robbery with a firearm and the use of a firearm while committing a felony, both of which arose from a single criminal episode, are improper. The state properly concedes error. See Brown v. State, 617 So.2d 744, 747 (Fla. 1st DCA 1993) (stating that defendant may not be convicted and sentenced to both possession of a firearm during the commission of a felony and armed robbery with a firearm where both crimes occurred during the same criminal transaction), approved, 633 So.2d 1059 (Fla.1994). Accordingly, we strike Hubbard’s conviction and sentence for using a firearm while committing a felony, but otherwise affirm his remaining convictions and sentences.
AFFIRMED as Modified.
DAUKSCH, GOSHORN and PETERSON, JJ., concur.

. § 782.04, Florida Statutes (1989):

. § 812.13(1), (2)(a), Florida Statutes (1989).

. § 790.07(2), Florida Statutes (1989).

. § 784.045(l)(a)l, Florida Statutes (1989).

. § 790.23, Florida Statutes (1989).