WOLF, Judge,
concurring.
I join in Judge Benton’s opinion because appellant cannot be convicted for both uttering a forged instrument and petit theft arising out of one criminal transaction. I concur because (1) if one looks only at the statutory elements of the crime as we are mandated to do by section 775.021(4), Florida Statutes (1993), and Brown v. State, 617 So.2d 744 (Fla. 1st DCA 1993), affirmed, 633 So.2d 1059 (Fla.1994), then a person cannot commit the offense of uttering a forged instrument pursuant to section 831.02, Florida Statutes (1993), without also committing a theft pursuant to section 812.014, Florida Statutes (1993);[1] (2) if we have a right to look at the facts of this case in determining whether a separate crime has occurred, then Henderson, supra, is inapplicable since no money exchanged hands in the instant case; and (3) this case is indistinguishable from Watson v. State, 655 So.2d 1250 (Fla. 1st DCA 1995), where this court found that a party could not be convicted for both theft and another crime which constituted nothing more than the manner in which the theft was committed.
*294 I also write to note the amount of time and judicial labor which has been spent on a case where our decision has no practical effect. This case originally came to this court on an Anders brief. Appellant is a habitual offender who has been sentenced to concurrent 10-year terms on counts I and II. His guideline seoresheet indicated a recommended and permitted sentence of life. The effect of our decision is to overturn a 60-day concurrent sentence for a second-degree misdemeanor, a sentence appellant had already served at the time of sentencing. I wonder whether both justice and effective use of judicial labor would have been better served by a simple per curiam affirmance.

. Section 775.021(4) mandates that the determination of whether two separate crimes have occurred should be made "without regard to the accusatory pleading or the proof adduced at trial.” This appears to be a legislative mandate that the courts of this state ignore. In Henderson v. State, 572 So.2d 972 (Fla. 3d DCA 1990), approved, 583 So.2d 1030 (Fla.1991), the court determined that a person may be convicted of both uttering a forged instrument and theft because the crime of uttering was completed prior to the money being exchanged and the theft was completed upon receipt of the money; therefore, separate criminal acts had occurred. This opinion ignores the language in § 812.014, Fla.Stat. (1993) (also the same language as in the 1985 statute cited by the court), that one commits a completed theft upon endeavoring to obtain the property of another.