PER CURIAM.
Appellant raises three issues in the instant appeal: (1) whether his conviction for aggravated battery with a firearm must be reversed based on State v. Gray, 654 So.2d 552, 554 (Fla.1995); (2) whether the trial court erred by denying his requested instruction on entrapment; and (3) whether his right to be free from double jeopardy was violated by his conviction for possession of a firearm during commission of a felony. We affirm appellant’s convictions and sentences for aggravated battery with a firearm, armed robbery with a firearm, attempted trafficking in cocaine, and possession of a firearm by a convicted felon. We reverse his conviction and sentence for possession of a firearm in the commission of a felony. Finally, we find no merit in appellant’s contention that the trial court erred in refusing to give an instruction on entrapment and affirm as to that issue.
Appellant was charged in a five-count amended information with armed robbery with a firearm, attempted first-degree murder with a firearm, trafficking in more than 200 but less than 400 grams of cocaine, using a firearm in the commission of a felony, and possession of a firearm by a convicted felon. (R. 63-64) The jury found him guilty of armed robbery with a firearm, aggravated battery with a firearm (a lesser included offense of the attempted first degree murder charge), attempted trafficking in cocaine (a lesser included offense), use of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. Appellant was given sentences of 165.25 months in prison on each of counts one through three, with a 3-year minimum mandatory for armed robbery with a firearm. On both counts four and five appellant received sentences of sixty months in prison. Ml of the sentences were concurrent, and credit for jail time was awarded on each count.
The evidence adduced at trial demonstrated that in July 1994, appellant and a friend went to the home of a police informant to purchase cocaine. Appellant testified, however, that he never intended to buy the drugs; instead, he and a friend planned to rob the victim and sell the drugs themselves. Appellant needed the money to pay off traffic tickets and probation fees. Having obtained a gun, appellant and his friend carried out their plan. Holding the gun on the informant, appellant told the victim to hand over the drugs. Appellant’s friend left with the drugs, and appellant remained at the door. When the informant moved somewhat, appellant shot him and ran. All of this was captured on police videotape. Both appellant and his friend were promptly arrested by the police waiting outside the victim’s home.
In the instant case appellant argues that his conviction for aggravated battery cannot stand because there can be no lesser included offense of the nonexistent offense of attempted felony murder. Appellant was charged with attempted first-degree murder in the alternative (attempted felony murder and attempted premeditated murder), and the verdict form specified only attempted first-degree murder. At trial, however, the prosecution only presented and argued the theory of attempted felony murder, and the jury was instructed only on attempted felony murder. Appellant was convicted of the lesser included offense of aggravated battery with a firearm.
The supreme court held in State v. Gray, 654 So.2d 552, 554 (Fla.1995), that attempted felony murder is no longer a crime in Florida and stated that the decision “must be applied to all cases pending on direct review or not yet final.” In answer to a certified question, the supreme court has held that in cases in which a defendant has been convicted of attempted felony murder, lesser included offenses remain viable for retrial. State v. Wilson, 21 Fla. L. Weekly S292, — So.2d —(Fla. July 3, 1996). In the instant case, *863 appellant was convicted of the lesser included offense of aggravated battery with a firearm. Thus, retrial is not necessary, and the judgment and conviction on this count are affirmed.
We reverse appellant’s conviction for possession of a firearm during commission of a felony in accordance with our opinion in Brown v. State, 617 So.2d 744 (Fla. 1st DCA 1993), which was approved by the supreme court in State v. Brown, 633 So.2d 1059 (Fla.1994). Appellant shall be discharged as to this offense.
Accordingly, the cause is remanded for further proceedings consistent with this opinion.
AFFIRMED IN PART and REVERSED IN PART.
ERVIN, MINER and VAN NORTWICK, JJ., concur.