781 So.2d 496 (2001)
John Lewis HOLLIDAY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-185.
District Court of Appeal of Florida, Fifth District.
March 30, 2001.
*497 Jeffrey L. Dees, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Daytona Beach, for Appellee.
PALMER, J.
John Holliday appeals his judgments and sentences which were entered by the trial court upon his plea of no lo contendere to the charges of armed robbery with a firearm and attempted first degree murder. The charges arose out of an incident which occurred on December 17, 1996 when Holliday walked into a gas station, brandished a handgun, and demanded money from the store clerk. After receiving money from the clerk, he took off running. When the clerk started to chase him, Holliday stopped, turned, and fired the gun at the clerk. He contends that the entry of convictions on both charges constitutes a double jeopardy violation[1] because the offenses occurred during a single criminal episode. We disagree and therefore affirm Holliday's judgments and sentences.[2]
In Gordon v. State, 780 So.2d 17, 19 (Fla.2001), our Supreme Court recently explained that the standard for "determining the constitutionality of multiple convictions for offenses arising from the same criminal transaction is whether the Legislature `intended to authorize separate punishments for the two crimes.'" Id. (quoting M.P. v. State, 682 So.2d 79, 81 (Fla. 1996)). Stated another way, courts must not look to either the accusatory pleading or proof adduced at trial in determining this issue, but rather, must look only at whether the legislature intended for the courts to impose separate convictions and sentences for the crimes at issue when they are committed during the course of one criminal episode. Brown v. State, 617 So.2d 744, 746 (Fla. 1st DCA 1993), aff'd, 633 So.2d 1059 (Fla.1994).
Section 775.021(4)(b) of the Florida Statutes (1995) sets forth Florida's legislative intent regarding this issue as follows:
775.021. Rules of construction
* * *
(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent.
Thus, Florida courts are authorized to impose a separate conviction and sentence for each offense committed during the course of a single criminal episode. However, the Legislature set forth a limitation upon this rule of construction; namely, that the imposition of multiple convictions and sentences is prohibited if the offenses at issue fall within any of three listed exceptions. The three exceptions are: (1) when the offenses require identical elements of proof; (2) when the offenses are degree variants of the same core offense; and (3) when the greater offense necessarily includes the lesser offense. See § 775.021(4)(b), Fla. Stat. (1995). See also *498 Gordon; State v. McCloud, 577 So.2d 939 (Fla.1991). This statutory analysis reveals no bar to the imposition of separate convictions and sentences for the offenses of armed robbery with a firearm and attempted first degree murder when they are committed during the course of a single criminal episode.
The elements of the crime of attempted first degree murder are: (1) an act intending to cause death that went beyond just thinking or talking about it; (2) a premeditated design to kill; and (3) the commission of an act which would have resulted in the death of the victim except that someone prevented the defendant from killing the victim or the defendant failed to do so. Gordon v. State, 780 So.2d at 21. See also Fla. Std. Jury Instr. (Crim.) 85; §§ 777.04, 782.04, Fla. Stat. (1995). In contrast, the elements of the crime of armed robbery with a firearm require proof that the defendant: (1) took property from the victim and the property was of some value; (2) used force, violence, assault, or put the victim in fear in the course of the taking; (3) intended to permanently or temporarily deprive the victim of the right to the property; and (4) carried a firearm in the course of committing the robbery. See Fla. Std. Jury Instr. (Crim.) 219. See also § 812.13, Fla. Stat. (1995).
Because the offenses of armed robbery with a firearm and attempted first degree murder (1) do not involve identical elements of proof; (2) are not degree variants of the same core offense; and (3) do not involve lesser included offenses, we reject Holliday's claim of constitutional error.
Judgments and Sentences AFFIRMED.
SHARP, W. and PLEUS, J.J., concur.
NOTES
[1] See U.S. Const. amend. V; Art. I, § 9, Fla. Const.
[2] Although this claim was not raised in the trial court, double jeopardy rights are fundamental in nature and can be raised at any time. Ford v. State, 749 So.2d 570, 571 (Fla. 5th DCA 2000).