PER CURIAM.
We treat the pending appeal as a motion to enforce mandate and grant the motion.
Olimpio Cerkella was convicted of attempted first degree murder and possession of a firearm in the commission of the attempted murder. His convictions were affirmed on appeal in Cerkella v. State, 588 So.2d 1058 (Fla. 3d DCA 1991).
After affirming on the appellate issue presented, this court said:
While this appeal was pending, the Florida supreme court decided Cleveland v. State, 587 So.2d 1145 (Fla.1991), which holds that when a felony conviction is enhanced because of the use of a firearm in committing the felony, the single act involving the use of the same firearm in the commission of the felony cannot form the basis of a separate conviction and sentence for the use of the firearm. Our affirmance on the question presented does not preclude a reexamination, in light of Cleveland, of the conviction and sentence for use of the firearm.
Affirmed and remanded accordingly.
Id. at 1060-61 (emphasis added).
As the quoted language indicates, the panel ended the opinion by remanding the case to the trial court. As we view the matter, the panel intended that on remand the trial court was to determine whether under the Cleveland decision, the firearm possession count had to be vacated. Despite the remand, no further proceedings were ever conducted.
*43 In 1994 the defendant filed a petition for writ of habeas corpus alleging ineffective assistance of appellate counsel in various respects. In Issue No. 5, the defendant complained that the trial court had failed on remand to correct the sentence on the firearm count. In its response to Issue 5 the State argued that the defendant’s claim was not cognizable in a petition for writ of habeas corpus. The State also argued that this court had left it discretionary with the trial court whether or not to correct the firearm possession count. At that time, the defendant’s sentence on the firearm count was concurrent with the defendant’s longer sentence on the attempted murder count, so the issue had no practical effect on the time to be served by the defendant. This court denied the petition for writ of habeas corpus without opinion.
In 1997 this court agreed with the defendant’s argument that his sentence on the attempted murder count exceeded the legal maximum. The case was remanded for reduction of the sentence on count one. Cerkella v. State, 687 So.2d 367 (Fla. 3d DCA 1997). As suggested in a concurring opinion, see id. at 367-68, on remand the trial court ran the reduced forty-year sentence on the attempted murder count consecutive to the fifteen-year sentence on the firearm possession count, so as to approximate the trial court’s original sentencing intent.
In 2003 the defendant filed what he described as a motion to compel and/or motion to hear and rule. In the motion the defendant argued that the trial court had never conducted proceedings on remand from this court’s decision in 1991. The trial court denied the defendant’s motion and the defendant has appealed.
Leaving aside the question whether the trial court’s ruling constitutes an appeal-able order, it is most efficient for present purposes to treat the appeal as a motion to enforce mandate. In substance the defendant was attempting to obtain a ruling on the issue the original panel had remanded.
Based on the parties’ submissions, it is clear that the merits of the Cleveland issue have never been entertained by the trial court pursuant to this court’s remand. So long as the defendant’s sentence on the firearm possession count was concurrent with the sentence on the attempted first degree murder count, the Cleveland issue had no practical effect. After the sentences were restructured in 1997, however, the question now has practical importance. No contention has been made here that the passage of time inhibits the State’s ability to address the Cleveland issue in the trial court. It is also clear that this court’s denial of the petition for writ of habeas corpus did not amount to a determination of the merits of the claim.*
For the stated reasons, we conclude that the defendant is entitled to have a determination of the merits of the issue remanded in this court’s 1991 decision. Accordingly the court grants the motion to enforce mandate and directs that further proceedings be conducted in the trial court on the merits of the Cleveland issue.
Motion granted.

As an aside, in 1998 the Florida Supreme Court allowed Florida Rule of Criminal Procedure 3.800(a) to be used for the raising of double jeopardy claims which are clear on the face of the record. See Hopping v. State, 708 So.2d 263, 265 (Fla.1998).