SUAREZ, J.
Gerard Williams appeals from his convictions for armed carjacking, attempted second degree murder, attempted first degree felony murder, and possession of a firearm while engaged in a criminal of *832 fense. We affirm in part and reverse in part.
The defendant was accused of shooting the victim, taking the victim’s car, and taking property from the victim’s car. Prior to trial, the defendant’s girlfriend provided papers and receipts to the FBI, seeking a deal for her husband (not the defendant) who was in federal prison. The papers included receipts with the victim’s name—papers that allegedly were taken from the victim’s car at the time of the robbery. The State sought to introduce these facts through the FBI agent’s testimony. Prior to trial, the defense unsuccessfully sought to preclude the FBI agent’s testimony as to who gave him the papers, arguing that it would lead to an inescapable inference that the non-testifying witness furnished the FBI with evidence of the defendant’s guilt. The court allowed the testimony because there were no hearsay statements concerning the defendant, but only testimony about the fact that documents were turned over to the FBI. The record shows that defense counsel did not object at trial to the FBI agent’s testimony as to why the papers were given to him. The documents contained the victim’s name, but no one testified as to how those documents came into the non-testifying witness’s possession. The record shows that, in context of the testimony, there was no mention of the defendant’s name and no reference to any specific crime. We find that the error claimed was unpreserved by specific objection, and conclude, after a complete review of the record, that the trial court’s error, if any, in admitting the testimony was harmless. See Corona v. State, 64 So.3d 1232, 1242 (Fla.2011) (holding that, for an appellate court to reverse a judgment or sentence on appeal, the asserted error must either be preserved by specific objection or constitute fundamental error); Spann v. State, 857 So.2d 845, 852 (Fla.2003) (requiring specific objection at trial to preserve issue for appeal); State v. Calvert, 15 So.3d 946, 948 (Fla. 4th DCA 2009) (holding that, to properly preserve an issue for appellate review, a litigant must make a timely, specific, contemporaneous objection); see also § 90.104(1), Fla. Stat. (2010).
Williams correctly argues that his conviction on the count of possession of a firearm in the commission of a felony is illegal and must be vacated as it violates the double jeopardy clause. Williams also was convicted of carjacking (Count 1), attempted second degree murder (as a lesser included offense of Count 2), and attempted first degree felony murder (Count 3). The jury made specific findings that Williams possessed and discharged a firearm causing great bodily harm to the victim during the commission of these offenses. The trial court enhanced the sentences for carjacking and first degree murder counts for use of a firearm, and sentenced Williams to life imprisonment for Counts 1, 3 and 4, suspending entry of sentence for Count 2.
The State cannot, consistent with double jeopardy principles, charge, convict and sentence a defendant with two substantive offenses for the single act of possession of one weapon. See Cleveland v. State, 587 So.2d 1145 (Fla.1991) (holding that when a robbery conviction is enhanced because of the use of a firearm in committing the robbery, the single act involving the use of the same firearm in the commission of the same robbery cannot form the basis of a separate conviction and sentence for the use of a firearm while committing a felony); see also Gracia v. State, 98 So.3d 1243 (Fla. 3d DCA 2012); Williams v. State, 83 So.3d 929 (Fla. 3d DCA 2012); Merrell v. State, 841 So.2d 677 (Fla. 3d DCA 2003); Hall v. State, 752 *833 So.2d 1245 (Fla. 3d DCA 2000); Brown v. State, 617 So.2d 744 (Fla. 1st DCA 1993). We therefore reverse Williams’ conviction and sentence for possession of a firearm while committing a felony. We affirm Williams’ remaining convictions and sentences.
Affirmed in part, reversed in part.