SALTER, J.
Cathlyn Palmer appeals his convictions and sentences for burglary, armed robbery and possession of a firearm while engaged in a criminal offense. We affirm the convictions for armed robbery, and we reverse the convictions for burglary and for possession of a firearm.
The armed robbery convictions are affirmed because we find no error in the trial court’s direction to the defendant to demonstrate his gait for the jury, at the prosecutor’s request. The issue was not properly preserved for appellate review because defense counsel only objected once and on the solitary ground that the demonstration was duplicative. Putting aside the lack of preservation, we find no error in requiring the demonstration. As recognized in Macias v. State, 515 So.2d 206 (Fla.1987), demonstrations of this nature are not testimonial and do not violate the defendant’s Fifth Amendment rights.
The burglary conviction, however, is reversed. The defendant was charged with burglary under section 810.02(l)(b)l., Florida Statutes (2009). That section defines burglary as “[ejntering a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public .... ” Id. (emphasis added). Since the state’s evidence established that the premises were open to the public,[1] this constitutes a complete defense to the charge of burglary. Miller v. State, 733 So.2d 955, 957 (Fla.1998).
Although this issue also was not preserved for review, a conviction based on insufficient evidence to demonstrate that a crime was committed at all constitutes fundamental error that can be addressed on appeal. See F.B. v. State, 852 So.2d 226, 230-31 (Fla.2003).
The conviction for possession of a firearm while engaged in the commission of a felony also must be reversed. As the state properly concedes, and in light of the elements of the armed robbery charges, this conviction violates double jeopardy. See Williams v. State, 109 So.3d 831 (Fla. 3d DCA 2013).
We affirm the armed robbery convictions, and we reverse the convictions for burglary and for possession of a firearm during the commission of a felony.
Affirmed in part, reversed in part, and remanded.

. The criminal incidents took place in a barber shop while it was open for business.