# Third District Court of Appeal

## State of Florida

Opinion filed April 12, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-492
Lower Tribunal No. F94-38169B

_____

**Torin Robinson,**
Petitioner,

vs.

**The State of Florida, et al.,**
Respondents.


A Case of Original Jurisdiction – Habeas Corpus.

Torin Robinson, in proper person.

Ashley Moody, Attorney General, for respondent The State of Florida.


Before EMAS, LOGUE and LINDSEY, JJ.

EMAS, J.

Torin Robinson filed an original petition for writ of habeas corpus on March 21, 2023, asserting claims of ineffective assistance of appellate counsel with regard to his judgment and sentence in circuit court case number 94-38169B, which became final, on direct review, on March 21, 1997. Robinson was required to file this petition within four years, or no later than March 21, 2001. See Fla. R. App. P. 9.141(d)(5) ("In no case shall a petition alleging ineffective assistance of appellate counsel on direct review be filed more than 4 years after the judgment and sentence become final on direct review"). We therefore deny his petition as time-barred by more than twenty years.

We further note that, although Robinson may be correct that his dual convictions for armed robbery with a firearm and unlawful possession of the same firearm during the commission of that armed robbery violate double jeopardy, see Cleveland v. State, 587 So. 2d 1145 (Fla. 1991); Williams v. State, 109 So. 3d 831 (Fla. 3d DCA 2013) (and cases collected), the trial court suspended the entry of any sentence on the latter charge, and thus no sentence was actually imposed for unlawful possession of a firearm during the commission of a felony. Because no sentence was imposed on that count, there is no cognizable claim for relief under Florida Rule of Criminal Procedure 3.800(a). See Ramirez v. State, 47 Fla. L. Weekly D1823 (Fla.

3d DCA Aug. 31, 2022) ("A motion to correct illegal sentence under rule 3.800(a) is not cognizable where, as here, the defendant seeks to challenge the validity of the conviction and, only by extension, the 'legality' of the resulting sentence"). See also Morgan v. State, 888 So. 2d 128, 129 (Fla. 3d DCA 2004) (acknowledging "a motion to correct illegal sentence is an appropriate procedure for challenging a sentence, but not a conviction"); Coughlin v. State, 932 So. 2d 1224, 1225 (Fla. 2d DCA 2006) (holding "a traditional double jeopardy challenge attacks both the conviction and, by default, the sentence, while rule 3.800(a) is limited to claims that the sentence itself is illegal, without regard to the underlying conviction").

Petition denied.