547 So.2d 221 (1989)
Miguel ROSALES, Appellant,
v.
The STATE of Florida, Appellee.
No. 87-2064.
District Court of Appeal of Florida, Third District.
July 11, 1989.
Rehearing Denied August 30, 1989.
*222 Bennett H. Brummer, Public Defender, and Jonas and Jonas and Valerie Jonas, Sp. Asst. Public Defenders, for appellant.
Robert A. Butterworth, Atty. Gen., and Mark S. Dunn, Asst. Atty. Gen., for appellee.
Before NESBITT, BASKIN and GERSTEN, JJ.
GERSTEN, Judge.
This is an appeal from a conviction for murder. Miguel Rosales, appellant, contends that the trial court committed reversible error by: (a) failing to instruct the jury that the appellant was on psychotropic medication at the time of trial; (b) excluding evidence of appellant's prior adjudication of insanity; and (c) failing to instruct the jury regarding the presumption of insanity. The State counters that the trial court did not commit any reversible error, and if there was error, it was harmless. We reverse and remand.
Rosales was charged with the first degree murder of his wife of 26 years. She died of asphyxiation after four of her ribs were broken, and she was stabbed in the *223 face, neck, and head. Prior to the commission of her murder, Rosales spent seventeen years in and out of mental hospitals. The last three hospitalizations took place, respectively, one year, nine months and six months prior to the murder of his wife. On at least two occasions, Rosales was adjudicated mentally ill under the Baker Act, section 394.467, Florida Statutes (1987), and involuntarily committed.
At a hearing held immediately before trial, it was established that Rosales had been given an injection of Prolixin, a psychotropic medication, seventeen days prior to the hearing. The effects of this medication can be felt for a period in excess of one month, and a psychiatrist testified that, in his opinion, Rosales was competent to stand trial because of the medication. At the beginning of trial (and again during the charge to the jury) the defense counsel made a motion to instruct the jury that Rosales was under the influence of a psychotropic drug during the trial. This defense motion was denied.
In a pretrial motion, the State moved to preclude the defense from introducing evidence of any previous adjudications regarding Rosales' sanity and any involuntary hospitalizations. The trial court ruled that Rosales was allowed to prove his prior hospitalizations, but could not present evidence that they were a result of a judicial determination as to his sanity.
The case proceeded to a trial where appellant's only defense was that of insanity. Several defense doctors testified that appellant suffered from paranoid schizophrenia; that he did not know the difference between right and wrong; and that he was insane at the time of the crime charged. One doctor, testifying for the prosecution, testified that although Rosales suffered from mental illness, Rosales knew the difference between right and wrong and was not insane at the time of the offense.
During the charge conference, the defense moved to instruct the jury with the following non-standard jury instruction:
Where insanity of a permanent type, or of a continuing nature, or possessed of the characteristics of a chronic disorder of the mind, as distinguished from temporary insanity, or disorders of the mind produced by violence or disease, is shown to have existed a short time prior to the commission of an alleged crime, it is presumed to continue up to the time of the commission of the alleged crime, unless this presumption is overcome by competent evidence.
The defense special insanity instruction was denied and appellant was subsequently convicted of first degree murder with a weapon and the unlawful display of a weapon while engaged in a criminal offense.

I.
With respect to appellant's first point, we find that the trial court erred in denying appellant's motion to instruct the jury that the appellant was on psychotropic medication at the time of trial. The defense argued that rule 3.215(c)(2), Florida Rules of Criminal Procedure, requires the giving of an explanatory instruction when a defendant's attendance at trial is aided by medication for a mental condition. The trial court denied the motion. The rule, however, is quite specific:
If the defendant proceeds to trial with the aid of medication for a mental or emotional condition, upon the motion of defense counsel, the jury shall, at the beginning of the trial and in the charge to the jury, be given explanatory instructions regarding such medication. (emphasis added).
Fla.R.Crim.P. 3.215(c)(2) (formerly Fla.R. Crim.P. 3.214(c)(2)). The trial court's failure to instruct the jury requires reversal.

II.
Appellant's second point, that the trial court erred in excluding evidence of appellant's purported prior adjudications of insanity, is without merit. The transcript reveals that the defense agreed to the trial court's decision to only permit the defense to present evidence of prior hospitalizations without introducing evidence that any one was the result of an adjudication of insanity. *224 Specifically, the following colloquy took place:
THE COURT: Let's do it this way. You can say that he was involuntarily hospitalized.
(DEFENSE) Ms. SELEN [sic]: That's fine.
... .
THE COURT: I will rule that you don't, don't use the words, "Judge put him in a hospital."
You can say he was involuntarily hospitalized.
(DEFENSE) MS. SELLEN: We have no problem with that ruling, Judge.
The rule is well settled that a contemporaneous objection must be made to preserve an issue for review. Williams v. State, 414 So.2d 509 (Fla. 1982); Castor v. State, 365 So.2d 701 (Fla. 1978); Jones v. Fox, 23 Fla. 454, 2 So. 700 (1887); State v. Giardino, 363 So.2d 201 (Fla. 3d DCA 1978).

III.
Appellant's third point, as to the court's failure to instruct the jury on the defense version of the presumption of insanity, merits discussion.
The defense asserted that the appellant had been previously adjudicated insane. Assuming, arguendo, that the appellant was previously adjudicated insane, that adjudication would give rise to the presumption that an accused previously adjudged insane continues insane until it is shown that his sanity has been restored. Wells v. State, 98 So.2d 795 (Fla. 1957).
Where such a presumption attaches, the burden of proof shifts to the state to show that the defendant was sane at the time of the homicide. Wells v. State, 98 So.2d at 798; Emerson v. State, 294 So.2d 721 (Fla. 4th DCA 1974); Alvord v. Wainwright, 564 F. Supp. 459 (M.D.Fla. 1983) (applying Florida law). Since the decision of whether there has been sufficient evidence of insanity to rebut the standard presumption of sanity is left to the jury, the jury must be clearly instructed on the state's ultimate burden to prove the defendant was sane at the time of the offense. Yohn v. State, 476 So.2d 123 (Fla. 1985). The court properly refused to include the requested non-standard defense jury instruction. Instead, the court gave the standard jury instruction on insanity, Florida Standard Jury Instruction (Criminal) 3.04(b).
The determination of the applicable substantive law and the responsibility to properly charge the jury in each individual case rests with the trial judge. In the Matter of the Use by Trial Courts of Standard Jury Instructions in Criminal Cases, 431 So.2d 594 (Fla.), modified, 431 So.2d 599 (Fla. 1981). We find that the instruction given meets the essential requirements set forth in Yohn.
We therefore reverse and remand for a new trial because the trial court erred in failing to follow rule 3.215(c)(2), Florida Rules of Criminal Procedure.