HARRIS, Judge.
Beverly Pedrick appeals her conviction for robbery with a weapon, engaging in a criminal offense with a weapon, and simple battery. The charges arose from an incident in which Maison Blanche Loss Prevention Officers Mary O’Shinski and Pedro Aviles observed appellant taking clothing off the rack and putting it in a shopping bag. O’Shinski followed appellant to the parking lot while Aviles checked to make sure the merchandise was gone from the store. O’Shinski confronted appellant in the parking lot, whereupon appellant sprayed her in the face and mouth with mace. When Aviles arrived he struggled with appellant and she sprayed him in the face. He then disarmed appellant and held her until the police arrived.
At the close of the state’s case appellant moved for judgment of acquittal on double jeopardy grounds and the motion was denied. Following deliberations, the jury returned guilty verdicts on all three counts. Pedrick was then sentenced to eight years incarceration for robbery with a weapon; five years incarceration (to run concurrent to Count I) for engaging in a crime with a weapon; and one year in county jail (to run concurrent to Counts I and II) for battery.
Pedrick argues that her double jeopardy rights were violated when she was convicted for both robbery with a weapon and engaging in a crime with that same weapon and relies on Cleveland v. State, 587 So.2d 1145 (Fla.1991).
Cleveland is dispositive. In Cleveland, the defendant was convicted of attempted armed robbery with a firearm (Sections 812.13(1) and (2)(a) and 777.04) and use of a firearm while committing a felony (Section 790.07(2)). This court affirmed, holding that both convictions were proper. The Florida Supreme Court reversed, holding that where a robbery conviction is enhanced because a firearm was used in the commission of the robbery, the single act involving the use of the same firearm in the commission of the same robbery cannot form the basis of a separate conviction.
The robbery conviction in the instant case was enhanced because of the use of a *201 weapon. Therefore, the single act involving the use of a weapon in the robbery cannot form the basis of a separate conviction for use of that same weapon in the commission of a felony. The conviction for use of a weapon while committing a felony is therefore reversed and the matter is remanded to the trial court to correct the sentencing scoresheet and the judgment and to resentence, if necessary.
REVERSED and REMANDED.
COBB and PETERSON, JJ., concur.