617 So.2d 1128 (1993)
Lucious Kelvin THOMAS, Appellant,
v.
The STATE of Florida, Appellee.
No. 92-1777.
District Court of Appeal of Florida, Third District.
May 11, 1993.
Bennett H. Brummer, Public Defender, and Sheryl J. Lowenthal, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard S. Fechter, Asst. Atty. Gen., for appellee.
Before NESBITT, FERGUSON and COPE, JJ.
PER CURIAM.
Defendant Lucious Kelvin Thomas seeks reversal of his convictions for murder, second-degree, and unlawful possession of a firearm in a criminal offense. We affirm in part, reverse in part, and remand for corrected sentence.
The defendant argues that the trial court erred in giving the jury an instruction on the principal theory. We disagree. Sufficient evidence was produced at trial to support the instruction. The state's information charged the defendant under the principal theory. The state's questioning, as well as defendant's cross-examination, reflect that both parties were aware of this theory. The proper charge to be given the jury rested in the sound discretion of the trial judge and no abuse was demonstrated in the court's decision to give the jury the principal instruction. See Rosales v. State, 547 So.2d 221 (Fla. 3d DCA 1989).
We do agree with the defendant, however, that because the use of a firearm was the basis for raising the charge of second-degree murder to a life felony, double jeopardy barred the second conviction for misuse of the same firearm. See Cleveland v. State, 587 So.2d 1145 (Fla. 1991); Pearson v. State, 603 So.2d 676 (Fla. 3d *1129 DCA 1992); Pedrick v. State, 599 So.2d 200 (Fla. 5th DCA 1992).
Accordingly, the trial court's order is affirmed in part, reversed in part, and remanded for entry of a corrected sentence.