642 So.2d 649 (1994)
Walter C. KING, Appellant,
v.
STATE of Florida, Appellee.
No. 93-03689.
District Court of Appeal of Florida, Second District.
September 16, 1994.
Robert E. Jagger, Public Defender, and Violet Assaid, Asst. Public Defender, Clear-water, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Kimberly D. Nolen, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Judge.
Walter C. King appeals from his conviction of capital sexual battery for digitally penetrating his eight-year-old great-niece. He contends that several trial errors occurred which deprived him of a fair trial. We find reversible error in two of the several issues he raises.
There is no need to provide a recitation of the evidence adduced at trial. Suffice it to say that the state presented a prima facie case of capital sexual battery, a violation of section 794.011(2)(a), Florida Statutes (1991). The evidence adduced could also have supported a jury verdict of lewd, lascivious, or indecent assault or act upon or in the presence of a child, a violation of section 800.04. At the jury charge conference, prior to closing arguments by counsel, King's attorney *650 requested, but was wrongly denied, a jury instruction on the lewd and lascivious assault crime. See Kolaric v. State, 616 So.2d 117 (Fla. 2d DCA 1993). Thus, defense counsel was forced to present her closing argument without being able to urge the jury that they could find her client guilty of this less serious felony.[1] After closing arguments concluded, the prosecutor, joining in defense counsel's previous request to give the lewd and lascivious assault instruction, prevailed upon the judge to reverse himself and give the jury that instruction since there was evidence to support it. Even though the instruction was ultimately given after closing arguments, we agree with the appellant that it was too late and he was thus deprived of his right to a fair trial. Closing arguments are the last and best opportunity trial counsel have to directly address the jury on what they should or should not decide within the parameters of the proper instructions the jury is about to receive from the trial judge. The tardy correction the trial judge made here did not cure the error that had occurred.
A second reversible error occurred during presentation of the evidence. The victim had had a private conversation with her mother after the incidents occurred. In this conversation she related what the uncle had done to her. The state sought to admit evidence of the victim's statement by way of testimony from the mother about this conversation. A hearing was held to determine if the hearsay testimony met the requirements for admission under section 90.803(23). However, the trial judge, in deciding to admit the hearsay, did not make the requisite findings on the record concerning whether the time, content, and circumstances surrounding the making of the statement provided sufficient safeguards of reliability.[2] Determining whether there were sufficient safeguards of reliability is "necessary to avoid violating a defendant's constitutional rights of confrontation and due process." State v. Townsend, 635 So.2d 949 (Fla. 1994).
In other issues, the defendant also argues that error occurred (1) in admitting the defendant's confession, (2) in allowing testimony of two episodes of sexual battery on the victim, (3) in denying a motion for judgment of acquittal based upon the state's failure to present sufficient evidence of penetration, and (4) in denying a special defense instruction defining penetration. As mentioned above, we find no error in these issues.
We reverse the conviction and remand for a new trial.
FRANK, C.J., and PATTERSON, J., concur.
NOTES
[1] The state's argument on appeal echoed the trial judge's comments at trial upon denying the defense motion for mistrial when this issue arose. The trial judge did not give defense counsel's mistrial argument much credence because defense counsel had not availed herself of the opportunity to argue during closing the lesser crimes the judge had already agreed to instruct the jury upon. We do not find it persuasive that because she did not argue the available lessers, it is no error, or harmless error, to preclude her from arguing this lewd and lascivious crime also.
[2] The trial judge's conclusion on admitting this hearsay evidence was phrased as follows: "Well, certainly insofar as her mother is concerned, there's enough of a relationship there to assume that the testimony would be admissible. I'm not talking about the reliability of it. That I think the State recognizes that if there's any variation of the testimony of the child and the mother, the State is putting itself in a box. I'll allow the testimony of the mother... ." (Emphasis added.)