654 So.2d 604 (1995)
Charles Earl LOVETTE, Appellant,
v.
STATE of Florida, Appellee.
No. 94-01133.
District Court of Appeal of Florida, Second District.
April 28, 1995.
*605 Robert E. Jagger, Public Defender, and Kandice L. Friesen, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Susan D. Dunlevy, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Charles Earl Lovette appeals his convictions for grand theft and burglary. Because we conclude that the trial court erred in giving a jury instruction on principals, over Mr. Lovette's objection, we reverse his convictions and remand for a new trial on both charges.
The state's evidence demonstrated that on the evening of August 24, 1993, two neighbors saw Mr. Lovette coming out of the back door of the victim's apartment carrying two boxes. After Mr. Lovette had left, the neighbors noticed that the victim's window air conditioner was missing. Because they knew the victim was in Lake City visiting a relative, following the death of the victim's boyfriend, the neighbors called her sister to report what they had seen. When the victim's sister arrived at the apartment, she noticed that an air conditioner, two television sets, and two boxes of clothes were missing. She testified the apartment was burglarized soon after she told Mr. Lovette that her sister was out of town. The victim testified that upon returning to her apartment, she noticed the air conditioner, two television sets, and some of her boyfriend's clothes were missing. Although Mr. Lovette had been in her apartment a few times while her boyfriend was alive, he had only been there once since her boyfriend's death. Mr. Lovette did not have a key to, or permission to be in, the victim's apartment.
Mr. Lovette's testimony presents a different view of the night's events. He testified in his own behalf that he did not enter the victim's apartment on the night of August 24. Instead, when the neighbors saw him, he was carrying two boxes to his mother's house after his girlfriend "had put him out." Later, the two neighbors knocked on the door of his mother's house and asked him to come to their apartment. When he arrived, the neighbors showed him two shopping carts filled with, among other things, a television and two boxes. They asked him to trade the items for crack cocaine, which he did. Mr. Lovette had bought cocaine for and smoked cocaine with the two neighbors on prior occasions. Instead of delivering the crack cocaine to the two neighbors that evening, Lovette kept it for himself. He had no idea that the neighbors would call the police and accuse him of burglarizing the victim's apartment to get back at him for keeping their cocaine. On cross-examination, Lovette stated that he had an idea the property was "hot," but he did not know for certain. He did not know the items he sold in exchange for cocaine belonged to the victim. He had never been in the victim's apartment and did not know that she owned an air conditioner and two televisions.
At the jury charge conference, the state requested the trial court to give the principal instruction. The defense objected, contending that there was insufficient evidence to support a principal theory. The trial court indicated that the instruction would be given only in connection with the grand theft charge, not the burglary charge. The defense again objected.
*606 During its deliberations, the jury posed the following questions: "Principal As To Burglary! What Would Be A Definition? And Would The Defendant Have To Have Been Inside?" The defense reminded the trial court that the principal instruction applied only to the grand theft, not the burglary charge. The trial court decided to reread the standard jury instruction on the law of principals. Thereafter, the jury returned guilty verdicts on both charges. The trial court sentenced Mr. Lovette on March 17, 1994, and he filed a timely notice of appeal on April 12, 1994.
The trial court committed reversible error in instructing the jury on the principal theory because there was no evidence that Mr. Lovette acted in concert with anyone in committing the theft or the burglary. The only evidence of any concerted effort would have been with respect to dealing in stolen property, i.e., that Mr. Lovette traded for crack cocaine the items that presumably the neighbors had stolen. He was not charged with that offense. It is obvious from the questions posed during its deliberations that the instruction confused the jury. Additionally, this instruction could have misled the jury to think that it had to convict Mr. Lovette of both charges if it found he helped the neighbors sell the stolen items. Therefore, we reverse Mr. Lovette's convictions and remand for a new trial. See Hair v. State, 428 So.2d 760 (Fla. 3d DCA 1983).
Mr. Lovette also argues that the trial court erred in denying his motion for judgment of acquittal on the grand theft charge because the state failed to present prima facie evidence on the value of the stolen items. While the state's proof on the value of the stolen items was limited, the victim did testify that each television was worth $250. Thus, the combined value of the stolen televisions exceeded the $300 threshold sufficient for a jury to conclude beyond a reasonable doubt that Mr. Lovette committed grand theft. In this regard, we especially note that at no point during the victim's testimony or cross-examination did defense counsel object to or attack her competency to testify on value or the value she gave to the televisions. See Ramirez v. State, 448 So.2d 1 (Fla. 3d DCA 1984). See generally Negron v. State, 306 So.2d 104 (Fla. 1974), receded from on other grounds, Butterworth v. Fluellen, 389 So.2d 968 (Fla. 1980). Accordingly, we affirm on this issue.
Reversed and remanded for a new trial consistent with this opinion.
RYDER, A.C.J., and ALTENBERND and QUINCE, JJ., concur.