679 So.2d 22 (1996)
George KNUTH, Appellant,
v.
STATE of Florida, Appellee.
No. 95-02721.
District Court of Appeal of Florida, Second District.
August 9, 1996.
Jawdet I. Rubaii, Jack F. White, III and Mark J. Hiers of Jawdet I. Rubaii, P.A., Clearwater, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and William I. Munsey, Jr., Assistant Attorney General, Tampa, for Appellee.
FRANK, Acting Chief Judge.
In a shotgun attack upon his conviction for DUI manslaughter, George Knuth urges eight grounds for reversal and remand for a new trial. After full consideration of each contention, the only point we pass upon is the trial court's post-closing argument change in the state's jury instruction. Knuth is correct in his challenge to the trial court's action. We reverse and remand for a new trial.
This criminal proceeding arose from Knuth's operation of a motor vehicle; he struck a guard rail which then penetrated his car and killed a passenger. His blood alcohol level at the time of the event was highly disputed in the trial court.
At the charge conference, Knuth's counsel submitted a proposed DUI jury instruction positing the principle that the negligent operation of a motor vehicle must have been a cause contributing to the death of the victim for a conviction to be obtained. The trial court refused to give the instruction and adopted the instruction offered by the state. Thus, the trial court informed the jury that it need find only that Knuth's operation of a motor vehicle caused the death of the victim. Knuth's counsel's closing argument was responsive to the state's instruction. Upon completion of Knuth's final argument, however, the trial court, at the state's request, instructed the jury that the relevant causation elements would be that Knuth caused or contributed to the cause of the victim's death. This instruction was a substantial departure from the instruction which Knuth's attorney responded to in presenting his closing argument. *23 Knuth's counsel objected, but the court nonetheless changed the instruction. Knuth was found guilty.
Knuth has relied upon King v. State, 642 So.2d 649 (Fla. 2d DCA 1994), which has an analogous significance in the present matter. In King the trial judge refused to give a requested defense instruction. King's attorney was forced to present a final argument without the ability to assert that her client, charged with capital sexual battery, could have been guilty of the less serious crime of lewd and lascivious assault. Subsequently, the trial court reversed the decision not to give the lewd and lascivious assault instruction and the jury was charged with that instruction, but only after King's attorney had completed her final words to the jury. Finding error, this court reasoned in King:
Closing arguments are the last and best opportunity trial counsel have to directly address the jury on what they should or should not decide within the parameters of the proper instructions the jury is about to receive from the trial judge.
642 So.2d at 650. Thus, even though the trial courts in King and this matter ultimately gave an appropriate instruction, the failure to give the instruction before the defendants had their final say generated prejudice that can only be remedied by retrial.
Reversed and remanded.
PARKER and QUINCE, JJ., concur.