KAHN, J.
In this criminal case, appellant Timmy D. Smith complains that he lost his right to a fair trial when the trial court answered a jury question by reading a portion of the Florida Statutes that the jury had not heard before closing arguments. We affirm because the trial court did not abuse his discretion by providing a supplemental instruction in direct response to a question posed by the jury. See Fla. R.Crim. P. 3.410.
After attempting to steal some film from a Gainesville Wal-Mart store, appellant became involved in an altercation with several Wal-Mart employees in an area behind a nearby store. This altercation occurred after appellant had thrown down the stolen film and fled the Wal-Mart. During the course of the altercation, appellant struck one of the Wal-Mart employees with a pipe. As a result of these events, the State charged appellant with aggravated battery and petit theft.
After the presentation of evidence and closing arguments by counsel, the trial court instructed the jury on the law and included charges concerning justifiable use of deadly force and justifiable use of non-deadly force. The court did not give an instruction specifically relating to the right *1142 of the Wal-Mart employees to detain appellant. After deliberations commenced, the jury returned with a question: “What are the rights of Wal-Mart employees to pursue and restrain a defendant?” With all appropriate parties assembled in the courtroom, the following exchange took place:
[DEFENSE COUNSEL] I mentioned it in closing, Your Honor. They have a right to use reasonable means. And that is the law. And the jury must decide whether or not the means that were used are reasonable.
* * *
[DEFENSE COUNSEL] Your Honor, the only thing I can suggest is that the Court indicate that each crime must [be] considered separately, as the jury instructions have instructed them, and that they have received all of the evidence and all of the law that is applicable in this case.
[COURT] Mr. Peterson?
[STATE COUNSEL] I think if they have a question about what the law is, the court can instruct them on what the law is. And there is law that directly answers their question.
[[Image here]]
[COURT] I’ll look at 812.015.
* * *
[COURT] I’m going to suggest that we redact some of this, so that it makes some sense. And, basically, that I instruct the jury that Florida Statute 812.015 provides: ... “A Merchant who has probable cause to believe that a retail theft has been committed by a person” — and, I guess, “And, in the case of retail or farm theft, that the property can be recovered, by taking the defendant into custody; may, for the purpose of attempting to effect such recovery, or for prosecution, take the offender into custody and detain the offender in a reasonable manner for a reasonable length of time.” And stop there.
[[Image here]]
[DEFENSE COUNSEL] Your Honor, I have done no research on this. This is a question that is coming before us on a jury question.
[[Image here]]
Your Honor, there’s no question that at the time that Mr. Smith was confronted by whoever, that the property as no longer in his possession. There is absolutely no—
[COURT] So you don’t want me to give this instruction?
[DEFENSE COUNSEL] No sir, I believe that this Court can give the jury an answer that indicates that the law applicable to this case has been given to them. And I would ask the Court to do that.
[COURT] All right. So the defense objects to the Court reading this portion of the statute?
[DEFENSE COUNSEL] Additional law, yes, sir.
[COURT] Okay objection noted.
:|! * *
[STATE] ... I think justice would require that they hear that.
And, just for the records, there is authority in the Criminal Rules of Procedure 3.410 and 3.420, giving the Court authority to do exactly what the Court wants to do.
* * *
[DEFENSE COUNSEL] As an officer of the Court, I was aware that that existed. But it does not say that the Court must. It says the Court may. And in this instance he is not charged with resisting detainment. He is charged with aggravated battery, which *1143 is separate and apart from the charge of retail theft.
There is not only a time differential, there is also a distance differential, sir. [COURT] Objection noted, and overruled. Please bring in the jury.
The court then read the jury instruction crafted from section 812.015(3)(a), Florida Statutes (1997):
The pertinent portion of this rather long and detailed statute reads as follows, and it’s found in subsection [812.015](3)(a): “A merchant, who has probable cause to believe that a retail theft has been committed by a person, and in the case of retail or farm theft, that the property can be recovered by taking the offender into custody may, for the purpose of attempting to effect such recovery or for prosecution, take the offender into custody and detain the offender in a reasonable manner for a reasonable length of time.”
The jury returned a verdict of guilty as charged on both counts.
Appellant now raises two arguments. First, he asserts that the additional jury instruction given after closing arguments denied him his right to a fair trial because he was unable to address the subject of the instruction during closing. Second, he argues that, in any event, the instruction was not applicable under the facts of this case and was thus confusing and misleading to the jury. We have considered each argument.
A reviewing court applies the abuse of discretion standard when reviewing a trial court’s response to a jury question. See Perriman v. State, 731 So.2d 1243, 1246 (Fla.1999) (“The controlling rule of procedure, Florida Rule of Criminal Procedure 3.410, provides that the giving of additional instructions in response to á jury query is within the trial court’s discretion .... ”). See also James v. State, 695 So.2d 1229, 1236 (Fla.1997) (“[A] trial court has wide discretion in instructing the jury, and the court’s decision regarding the charge to'.the jury is reviewed with a presumption of correctness on appeal.”); Henry v. State, 359 So.2d 864, 866 (Fla.1978) (noting that the issue of whether and what supplemental instruction should be given to a jury lies within the discretion of the trial court).
The cases primarily relied upon by appellant suggest that a change in instructions after arguments is reversible error where the defendant loses the opportunity to address the proper instruction during closing. ' These cases are, however, distinguishable from the facts at hand.
In King v. State, a defendant charged with capital sexual battery requested, but was wrongly denied, a jury instruction on lewd and lascivious assault. 642 So.2d 649 (Fla. 2d DCA 1994). Once the trial court ruled he would not instruct on the lesser offense, “defense counsel was forced to present her closing argument without being able to urge the jury that they could find her client guilty of this less serious felony.” Id. at 650. After closing argu'ment, however, the State joined in defense counsel’s request to give the instruction on lewd and lascivious assault, and ultimately the trial court reversed himself and instructed the jury that they could convict of lewd and lascivious assault. See id. Under these facts, the Second District agreed with appellant “that it was too late and he was thus deprived of his right to a fair trial.” Id. The court noted that “[c]losing arguments are the last and best opportunity trial counsel have to directly address the jury on what they should or should not decide within the parameters of the proper instructions the jury is about to receive from the trial judge.” Id.
In Knuth v. State, the defendant was charged with DUI manslaughter. 679 So.2d 22 (Fla. 2d DCA 1996). At the charge conference, counsel requested a jury instruction “positing the principle that the negligent operation of a motor vehicle must have ■ been a cause contributing to the death of the victim for a conviction to be obtained.” Id. at 22. The trial court *1144 refused to give the instruction and indicated that it would inform the jury that it need only find that Knuth’s operation of a motor vehicle caused the death of the victim. ■ See id. Knuth’s closing argument was responsive to that instruction. See id. After final arguments, however, “the trial court, at the state’s request, instructed the jury that the relevant causation elements would be that Knuth caused or contributed to the cause of the victim’s death.” Id. The appellate court noted, “This instruction was a substantial departure from the instruction which Knuth’s attorney responded to in presenting his closing argument.” Id. at 22-23. The Second District held that under these facts, the King decision controlled, and accordingly reversed Knuth’s conviction. See id. at 23. In both King and Knuth, the trial court “ultimately gave an appropriate instruction,” but “the failure to give the instruction before the defendants had their final say generated prejudice that can only be remedied by retrial.” Knuth, 679 So.2d at 23; see King, 642 So.2d at 650.
In the present case, the presentation of evidence demonstrated that Wal-Mart employees attempted to restrain Smith. Nevertheless, neither party requested a jury instruction concerning the right of a merchant, who has probable cause to believe that a retail theft has been committed, to “take the offender into custody and detain the offender in a reasonable manner for a length of time.” § 812.015(3)(a), Fla. Stat. (1997). This is different from the situations in King and Knuth, where defense counsel did request the instructions ultimately given and, faced with refusal, tailored the closing arguments accordingly. Smith’s counsel was obviously aware of the law, even though he did not request the instruction. During closing and rebuttal closing, counsel argued as follows:
[DEFENSE COUNSEL] Did he have the right to defend himself? Think about that charge. Does he have the right to defend himself? Does Wal-Mart have the right to detain someone who is suspected of shoplifting.
They’re not armed. They don’t have an arrest power. Can they take reasonable steps? Of course they can. Of course they can.
* * *
[DEFENSE COUNSEL] Yes, Wal-Mart can take steps to apprehend, reasonable steps to apprehend. But we also can consider, in this instance, at that distance, with that much time, a separate criminal episode.
Counsel thus conceded to the jury that Wal-Mart had the right to take reasonable steps to “detain” and “apprehend.” Despite this concession, counsel urged the jury to consider that the criminal episode, i.e., the retail theft, had occurred at a different time than, and quite a distance away from, the ultimate confrontation between appellant and the Wal-Mart employees. Thus, the defense had to cope with neither surprise nor reversal of an earlier, incorrect ruling. Cf. Taylor v. State, 330 So.2d 91, 93 (Fla. 1st DCA 1976) (“One of the purposes in having a conference on jury instructions before closing arguments is to allow the attorneys to be aware of the law so that they will be able to properly relate the law to the facts in their argument.”).
We also reject appellant’s argument that the statute did not apply to his situation. The statute is not limited to cases in which the merchant attempts to recover the stolen property. Instead, under the terms of the statute, the merchant with probable cause may, “for the purpose of attempting to effect such recovery or for prosecution, take the offender into custody and detain the offender in a reasonable manner for a reasonable length of time.” § 812.015(3)(a), Fla. Stat. (1997) (emphasis added). The trial court’s response to the *1145 jury question did indeed give the jury a correct view of the law.
AFFIRMED.
ERVIN and MINER, JJ., CONCUR.