751 So.2d 128 (2000)
Willie SULLIVAN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-232.
District Court of Appeal of Florida, Second District.
January 14, 2000.
James Marion Moorman, Public Defender, and Richard J. Sanders, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Anne S. Weiner, Assistant Attorney General, Tampa, for Appellee.
*129 PARKER, Acting Chief Judge.
Willie Sullivan (Sullivan) challenges his conviction and sentence for robbery. Because of two errors during the State's cross-examination of Sullivan, we reverse and remand for a new trial.
The State charged Sullivan with robbery following an incident in which the victim was robbed while sitting in her car in a grocery store parking lot. During the State's case, Bartow Police Officer Taylor and Bartow Police Detective Hamil (Hamil) testified that Sullivan told them that he did not rob the victim, but that he had been the lookout during the robbery.
Hamil also testified that both the victim and an eyewitness had identified Sullivan from a live lineup. On cross-examination, Hamil admitted that the victim had identified two possible suspects in a photo lineup, but that only Sullivan was included in the live lineup. He also admitted that the eyewitness's identification of Sullivan had been equivocal. On redirect examination, the trial court allowed Hamil to testify as to how the photo lineup was created and how the individuals for the live lineup were selected. Hamil testified that he did not include the second suspect from the photo lineup in the live lineup because he did not know that individual's identity. Sullivan requested recross-examination, seeking to elicit testimony that Hamil could have identified the other suspect from the photo lineup, but chose not to do so. The trial court denied Sullivan's request.
Sullivan testified in his own defense. He admitted on direct examination that he had ten felony convictions. When asked whether he had gone to trial in those cases, Sullivan testified that he had not because "I had did what I did to get convicted. I had did it." The State objected to this response, arguing that Sullivan's only answer could be "no, I did not go to trial." Following a short bench conference, the trial court sustained the objection and refused to allow Sullivan to tell the jury that he had pleaded guilty in his prior cases. During the remainder of his direct examination, Sullivan denied committing the robbery and denied telling the officers that he had been a lookout.
The State's cross-examination of Sullivan focused exclusively on his credibility.
Q.... You never told those detectives that you were a lookout in this case, huh?
A. No. I didn't.
Q. So you heard them both get up there and say that you told them that, right?
A. Yes, I did.
. . . .
Q. And, now, I guess, you're telling this jury that these two detectives came in here today and got up here and lied?
[OBJECTION SUSTAINED]
Q. You heard those two detectives get up there and say that you told them you were a lookout. Is that true?
A. Right.
Q. Are you saying they lied?
[DEFENSE COUNSEL]: Objection, Judge. This is improper.
[THE STATE]: I'm sorry, Judge. Either one person is telling the truth.
[OBJECTION SUSTAINED]
Q: [THE STATE]: You're saying you never told them that?
A. I never told them that.
Q. But yet they say you did?
A. They said it.
Q. Now, we have two police detectives saying that. You agree to that, that you heard them say that, right?
A. Yes, sir.
Q. And then we haveand you have been convicted of ten felonies, right?
A. Yes.
Q. You do drugs?
A. I have.
Q. And you sell drugs?
A. Yeah.

*130 Q. You do all those things and yet we believe you instead of what those detectives say?
[DEFENSE COUNSEL]: Judge, I object. Can we approach?
THE COURT: Overruled, Counselor.
During its closing argument, the State stressed Sullivan's prior record, noting six times that he was a "ten-time convicted felon." The State repeatedly emphasized that this was a case of witness credibility, with Sullivan's testimony pitted against that of the other witnesses.
Sullivan raises four points on appeal, two of which require reversal. First, Sullivan contends that the trial court erred in refusing to allow him to testify that all of his prior convictions stemmed from guilty pleas. Questions concerning prior pleas are proper anticipatory rehabilitation and the effect of such questioning is "to ameliorate the highly negative effect the knowledge of the past convictions [is] likely to have to the jury's perception of the defendant in terms of both his character and his credibility." Lawhorne v. State, 500 So.2d 519, 523 (Fla.1986). Because Sullivan's credibility was a feature of this trial, he should have been allowed to testify to his prior pleas, and we cannot say that refusing to allow him to do so was harmless. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
Second, Sullivan contends that the trial court erred in allowing the State to question him concerning whether the police witnesses were lying. In Knowles v. State, 632 So.2d 62, 65-66 (Fla.1993), the supreme court held that questions directed to one witness concerning whether another witness lied on the stand are improper for two reasons: first, because witness credibility is a jury question; and second, because the question itself may lead the jury to believe that the witness being questioned is lying. In Knowles, the court found the error harmless because Knowles testified that he did not remember making certain statements; therefore, the improper questions did not necessarily lead to the conclusion that Knowles was lying. Id. at 66. In this case, however, Sullivan denied making the statements attributed to him by the officers. The jury could not reconcile the statements without reaching the conclusion that either Sullivan or the officers were lying. Since the critical issue at trial was credibility, we cannot say that the error in allowing these questions was harmless. See DiGuilio, 491 So.2d at 1129.
Sullivan's remaining points are without merit. We address them, however, in case they arise on remand. Sullivan contends that the trial court abused its discretion by refusing to allow him to recross-examine Hamil concerning the live lineup. A trial judge has broad discretion over the admission of evidence, and a judge's evidentiary rulings will not be disturbed absent an abuse of discretion. See Jent v. State, 408 So.2d 1024 (Fla.1981). While the better practice would have been to allow Sullivan his requested recross-examination, we cannot say that the trial court abused its discretion by denying it.
Sullivan also contends that his sentence imposed pursuant to the Prison Releasee Reoffender Act (Act), section 775.082(8), Florida Statutes (1997), was illegal because the Act is unconstitutional. Recently, this court addressed all of the constitutional challenges Sullivan raises and found the Act to be constitutional. See Grant v. State, 745 So.2d 519 (Fla. 2d DCA 1999). Therefore, if Sullivan's new trial results in conviction, the trial court may again impose a prison releasee reoffender sentence.
Reversed and remanded for a new trial.
WHATLEY and STRINGER, JJ., Concur.