BLUE, Chief Judge.
Dameian DeVaughan Bibbs raises several issues in this appeal following his convictions for burglary of a structure, grand theft, and criminal mischief. We agree that the trial court erred by refusing to allow Bibbs to testify regarding his prior convictions. Accordingly, we reverse.
The trial court refused to allow Bibbs to testify that his prior convictions resulted from pleas. This was error. “Questions concerning prior pleas are proper anticipatory rehabilitation and the effect of such questioning is to ‘ameliorate the highly negative effect the knowledge of the past convictions [is] likely to have to the jury’s perception of the defendant in terms of both his character and his credibility.’ ” Sullivan v. State, 751 So.2d 128, 130 (Fla. 2d DCA 2000) (alteration in original) (quoting Lawhorne v. State, 500 So.2d 519, 523 (Fla.1986)). Because Bibbs’ credibility was at issue, we cannot say that the error was harmless. Accordingly, we reverse and remand for a new trial.
Because this case must be retried, we comment on one other issue that may arise again. Bibbs argues that the trial court erred by giving the Florida Standard Jury Instruction (Criminal) 3.01(a) titled “Principals — When Active Participant Hired by Defendant.” We agree that the instruction was not supported by the evidence. See Lovette v. State, 654 So.2d 604 (Fla. 2d DCA 1995).
Reversed and remanded for a new trial.
NORTHCUTT, J., and RAMSBERGER, PETER, (Associate) Judge, Concur.