883 So.2d 383 (2004)
Immanuel KIRKLAND-EL, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-1909.
District Court of Appeal of Florida, Fourth District.
September 29, 2004.
Carey Haughwout, Public Defender, and Patrick B. Burke, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Donna M. Hoffmann, Assistant Attorney General, West Palm Beach, for appellee.
*384 WARNER, J.
After having agreed to delete a jury instruction on the duty to retreat in appellant's trial for aggravated battery with a deadly weapon, the trial court changed its mind and instructed the jury that appellant had such a duty, undermining the defense's closing argument. We conclude that this change denied appellant a fair trial and reverse.
Appellant, Immanuel Kirkland-El, was charged with aggravated battery of his wife while using a machete. Kirkland-El and his wife were in their home at the time of the incident. Kirkland-El contended at trial that his wife was the aggressor and actually attacked him with the weapon. At the charge conference, the parties were in general agreement on the jury instructions except for the instructions on justifiable use of deadly force. Those instructions include the duty to retreat as well as the defense of home. See Fla. Std. Jury Instr. (Crim.) 3.6(f). Kirkland-El was concerned that giving both instructions would mislead the jury. The court agreed to delete the first portion of the instruction on duty to retreat and give only the defense of home instruction.
During closing arguments, Kirkland-El's attorney told the jury that the judge would read the instruction on defense of home. He told the jury that Kirkland-El had no duty to retreat in his own home. After the state commenced its closing argument, the court interrupted, excused the jurors, and announced that the deletion of the first portion of the jury instruction on duty to retreat was erroneous. The court stated that it would now read the instruction on defense of home against a co-occupant instead of the defense of home instruction. Under this instruction, if a defendant is attacked in his own home by a co-occupant, he has a duty to retreat within the home to the extent reasonably possible. Id. Thus, the instruction contradicted Kirkland-El's statement to the jury that the judge would instruct the jury that Kirkland-El had no duty to retreat.
The state then argued this instruction to the jury, stressing what a person could do to retreat within his home to avoid using deadly force. In rebuttal, all defense counsel could argue was that Kirkland-El would have no duty to retreat if to do so would increase his level of danger.
The jury found Kirkland-El guilty of aggravated battery with a deadly weapon. His motion for new trial was denied and he was sentenced to fifteen years imprisonment. He timely appeals.
Kirkland-El was denied a fair trial when, in the middle of closing arguments, the trial judge determined that he would instruct the jury completely differently than what was determined at the charge conference. This case is similar to King v. State, 642 So.2d 649 (Fla. 2d DCA 1994). There, prior to closing arguments, King requested and was wrongly denied a jury instruction on a lesser included crime. After closing arguments, the judge reversed himself and gave the jury the instruction. King appealed, and the appellate court noted, "Closing arguments are the last and best opportunity trial counsel have to directly address the jury on what they should or should not decide within the parameters of the proper instructions the jury is about to receive from the trial judge." 642 So.2d at 650. The court determined that even though the instruction was ultimately given, it did not cure the error that occurred, depriving King of his right to a fair trial. Id.
Likewise, in Knuth v. State, 679 So.2d 22 (Fla. 2d DCA 1996), Knuth requested, in his DUI manslaughter trial, a jury instruction that required a finding that the negligent operation of a motor vehicle was a contributing cause to the death of the victim in order for a conviction to be obtained. The request was denied, and the *385 court informed the jury it needed only to find that Knuth's operation of the vehicle caused the death of the victim. After Knuth's counsel gave his closing argument, and over Knuth's objection, the trial court then instructed the jury it must find Knuth caused or contributed to the cause of the victim's death. 679 So.2d at 23. Citing King, the appellate court found that even though the court ultimately gave an appropriate instruction, "the failure to give the instruction before the defendants had their final say generated prejudice that can only be remedied by retrial." Id.
The state distinguishes King and Knuth by noting that in those cases the jury instruction was changed after the completion of the closing arguments, so counsel was not given an opportunity to argue the change. Here, the court changed the instruction in the middle of the state's closing argument, thus giving defense counsel the opportunity to address it in rebuttal.
This simply ignores the reality of the magnitude of the damage done to the presentation of Kirkland-El's case. Relying on the trial court's rulings at the charge conference, counsel argued that Kirkland-El had no duty to retreat in his own home. Then, after the trial court reversed its position, the state was able to argue consistently with what the jury would hear from the jury instructions. Thus, the jury would have to conclude that defense counsel was either trying to purposely mislead it or was ignorant of the law. Because the instruction was central to the defense of the case on a hotly contested issue, Kirkland-El was prejudiced by the actions of the trial court. We must reverse.
Reversed and remanded for a new trial.
KLEIN and TAYLOR, JJ., concur.