952 So.2d 1258 (2007)
Torrence WHITAKER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-4195.
District Court of Appeal of Florida, Fourth District.
April 11, 2007.
*1259 Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
The state charged the appellant by information with the crimes of aggravated assault with a firearm and possession of a firearm by a convicted felon. The jury found the appellant guilty of improper exhibition of a firearm, a lesser-included offense of the aggravated assault charge, and possession of a firearm by a convicted felon. On appeal, the appellant contends that the trial court committed fundamental error by changing the lesser-included offense of improper exhibition of a dangerous weapon to improper exhibition of a firearm in the jury instructions. The appellant also suggests that, in changing the instructions after the parties' closing arguments, the judge made an improper comment on the evidence. We disagree on both points and affirm.
Section 790.10, Florida Statutes, prohibits improper exhibition of dangerous weapons or firearms, and provides:
790.10. Improper exhibition of dangerous weapons or firearms  If any person having or carrying any dirk, sword, sword cane, firearm, electric weapon or device, or other weapon shall, in the presence of one or more persons, exhibit the same in a rude, careless, angry, or threatening manner, not in necessary self-defense, the person so offending shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
§ 790.10, Fla. Stat. (2004). The statute draws no relevant distinction between firearms and the other enumerated dangerous weapons. Additionally, the standard jury instruction on "improper exhibition of a weapon" specifically contemplates that the trial court is to instruct the jury on the specific weapon alleged in the charging instrument. See Fla. Std. Jury Instr. (Crim.) 10.5.
Accordingly, we find no fundamental error in the court's instruction to the jury. The change in the title of the jury instruction  from "Improper Exhibition of a Weapon" to "Improper Exhibition of a Firearm"  did not change the essential elements of the crime, nor was it misleading *1260 in any way. The present case is readily distinguishable from Kirkland-El v. State, 883 So.2d 383 (Fla. 4th DCA 2004), and Knuth v. State, 679 So.2d 22 (Fla. 2d DCA 1996). In each of those cases, the trial court substantially changed the jury instructions after the defense began its closing argument, which damaged the defendant's presentation of his case and deprived him of a fair trial. Here, by contrast, the change in the title of the instruction on "improper exhibition" did not undermine the appellant's closing argument at all  the defense argued in closing that the appellant never possessed a firearm. Thus, this point on appeal is without merit.
Finally, we also reject any suggestion that the trial court's instruction to the jury constituted an improper comment on the evidence. From our review of the record, it is clear that the trial judge did not make any remarks that intimated a personal belief that the appellant used a firearm during the incident in question.
Affirmed.
STEVENSON, C.J., and TAYLOR, J., concur.