967 So.2d 418 (2007)
Albert James WELLS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-1886.
District Court of Appeal of Florida, First District.
October 30, 2007.
*419 Nancy A. Daniels, Public Defender, and Richard M. Summa, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Carolyn J. Mosley, Assistant Attorney General, Tallahassee, for Appellee.
BROWNING, C.J.
Appellant seeks review of his conviction for sexual battery, and raises several issues on appeal. We affirm the trial judge's denial of Appellant's motion for judgment of acquittal, but reverse on the ground that the jury should not have been instructed on the theory of principals, and we remand for a new trial. In light of this result, we do not address the other issues on appeal.
Appellant was essentially accused of "acquaintance rape"; however, another male was with Appellant in the victim's apartment on the evening in question, and that person was tried in a separate proceeding. In the instant proceeding, the State requested that the jury be given the principals instruction, and the trial court gave the instruction over Appellant's objection. However, the record does not support the giving of the instruction because there was no evidence that Appellant both had a conscious intent that the crime be done, and also did an act or said a word intended to (and which did) incite the co-defendant to commit the crime. See Fla. Std. Jury Instr. (Crim.) 3.5(a). Appellant's mere presence at the crime scene during overlapping intervals, without more, does not justify a principals instruction. See Shuler v. State, 801 So.2d 1055 (Fla. 1st DCA 2001). The error is not harmless because the verdict does not reveal whether the jury relied on the principals theory to convict Appellant, and because the instruction was likely to cause confusion in light of the State's emphasis in closing argument that Appellant was "as guilty as" the co-defendant for everything the co-defendant did.
REVERSED and REMANDED.
ALLEN and VAN NORTWICK, JJ., concur.