THOMAS, J.
 

 Appellant seeks review of his convictions and sentences for attempted second-degree murder with a firearm and aggravated battery with a firearm. He alleges that the trial court reversibly erred in reading the jury instruction on the law of principals in response to a question from the jury and that his prison releasee reoffen-der sentence is unconstitutional. We agree that the trial court erred in instructing the jury on the law of principals. As
 
 *895
 
 such, we reverse and remand for a new trial.
 

 Appellant’s charges arose out of a shooting that occurred at a flea market in Duval County, Florida. During the trial testimony, no evidence was offered that Appellant acted in concert with others in committing the crimes, although there was testimony that he was standing in a group when the shooting occurred. Before the jury retired for deliberations, the jury instructions were read, which did not include the principals instruction. During deliberations, the jury asked the following question: “If defendant was in the group, but we can’t decide if he was [sic] shooter can we convict [sic] of battery?” In response to the question, and over the objection of defense counsel, the trial court read the following instruction on the law of principals:
 

 If the defendant helped another person or persons attempt to commit a crime or commit a crime, the defendant is a principal and must be treated as if he had done all of the things the other persons did if the defendant had a conscious intent that the criminal act be done and, second, the defendant did some act or said some word which was intended to and which did incite, cause, encourage, assist, or advise the other persons to actually commit or attempt to commit the crime. To be a principal, the defendant does not have to be present when the crime was committed.
 

 The trial court abused its discretion in instructing the jury on the law of principals. The principals instruction may be given if the evidence adduced at trial supports such an instruction.
 
 See Masaka v. State,
 
 4 So.3d 1274, 1284 (Fla. 2d DCA 2009);
 
 Wells v. State,
 
 967 So.2d 418, 419 (Fla. 1st DCA 2007);
 
 Lewis v. State,
 
 693 So.2d 1055, 1057 (Fla. 4th DCA 1997);
 
 Thomas v. State,
 
 617 So.2d 1128, 1128 (Fla. 3d DCA 1993). If there is no evidence that would support the principals theory, then the reading of the instruction is error.
 
 See id.
 
 Such an error is not harmless when it is capable of misleading the jury in such a way that the defendant’s right to a fair trial is prejudiced.
 
 See Masaka,
 
 4 So.3d at 1286;
 
 Wells,
 
 967 So.2d at 419.
 

 In the instant case, there was no evidence offered that Appellant worked in conjunction with anyone else to commit the crimes. Such a theory was never argued before the jury, and the instruction on principals was neither requested by the State nor read in the original reading of the jury instructions. The instruction was only given after the jury presented the court with a question regarding its inability to determine whether Appellant was the actual shooter. Where there was no evidence offered that Appellant acted with anyone in committing the shootings, the trial court erred in reading the principals instruction.
 
 See Lovette v. State,
 
 654 So.2d 604, 606 (Fla. 2d DCA 1995) (holding that the trial court committed reversible error in instructing the jury on a principals theory because there was no evidence that the appellant acted in concert with anyone in committing the charged offenses).
 

 Further, the error was not harmless in that it was likely to cause the jury to be confused as to whether they could return a guilty verdict if Appellant was in a group of people but another member was the actual shooter. The jury’s question indicates that there was already some confusion regarding the verdict, and the trial court’s improper reading of the principals instruction could have only furthered the confusion. Additionally, it is not apparent from the verdict form if the jury convicted Appellant on a principals theory. As such, the reading of the instruction is reversible error.
 
 See Wells,
 
 967 So.2d at 419 (finding
 
 *896
 
 that reading the principals instruction was not harmless error where the verdict did not reveal whether the jury relied on the principals theory to convict and the instruction was likely to cause confusion). Finally, the error was especially prejudicial because it was done after the closing argument, when the defense had no opportunity to address this new theory of the case.
 
 See Knuth v. State,
 
 679 So.2d 22 (Fla. 2d DCA 1996);
 
 King v. State,
 
 642 So.2d 649 (Fla. 2d DCA 1994),
 
 disapproved of on other grounds
 
 by
 
 Welsh v. State,
 
 850 So.2d 467 (Fla.2003).
 

 Accordingly, because the trial court erred in instructing the jury on the law of principals and the error was not harmless, we reverse Appellant’s convictions and sentences and remand for a new trial.
 

 REVERSED and REMANDED.
 

 DAVIS and BROWNING, JJ., concur.