WILLIAMS, CHARLES E, Associate Judge.
Cleveland Hanks raises several issues in this appeal of his conviction of aggravated battery. We find merit in his argument that the trial court abused its discretion in instructing the jury on the principals theory, and we reverse and remand for a new trial.
A trial court abuses its broad discretion in instructing the jury when it *918 gives an instruction that is not supported by the facts of the case. See Masaka v. State, 4 So.3d 1274 (Fla. 2d DCA 2009).
[G]iving the principals instruction is error when there is no evidence that the defendant had a conscious intent that the crime be committed and did some act or said some word which was intended to and in fact did incite a third party to commit the crime with which the defendant is charged.
Id. at 1284 (citing Wells v. State, 967 So.2d 418, 419 (Fla. 1st DCA 2007)). Mere presence at the scene of an offense is not sufficient to support a principals instruction. See Wells, 967 So.2d at 419.
At Hanks’ trial, Edward O’Reilly testified that on the day he was beaten, he and several neighbors spent the day drinking beer. The manager of the RV park where the incident occurred testified that at one point in the day, she observed O’Reilly, Hanks, and Billy Graham in the group of neighbors. Later, Graham told her that he and O’Reilly had a confrontation during which he had swung at O’Reilly. When the manager went around the park to advise the residents that she would be gone for a few hours, she overheard the group complaining about O’Reilly.
O’Reilly further testified that he returned to his RV and passed out drunk. He was awakened by his door being kicked in, and he saw Graham and Hanks. Graham stepped on his arm and struck him multiple times. He passed in and out of consciousness during the beating by Graham. With regard to Hanks, O’Reilly’s testimony was only that he saw Hanks and then he saw what he described as a big bolt of light before he passed out, but he could not say who struck him at that point. This evidence only shows that Hanks was present when Graham beat O’Reilly; it does not support a finding that Hanks aided or abetted Graham in his beating of O’Reilly. See Lewis v. State, 693 So.2d 1055, 1057 (Fla. 4th DCA 1997) (£‘[I]t is generally error to instruct the jury on principals where there is no evidence to support an aiding and abetting theory of guilt....”).
The error in the giving of the principals instruction was not harmless because the verdict does not reveal whether the jury relied on the principals theory to convict Hanks. In addition, the State erroneously argued during closing that Hanks’ bursting into O’Reilly’s RV with Graham, “if nothing else,” supported his conviction as a principal. This misstatement of the law could have misled the jury regarding the evidence necessary to support a conviction as a principal. See Ma-saba, 4 So.3d at 1286.
Accordingly, the trial court abused its discretion in giving the jury the principals instruction, and we reverse and remand for a new trial.
Reversed and remanded for a new trial.
DAVIS, J., Concurs.
ALTENBERND, J., Concurs with opinion.