PER CURIAM.
Dominique Kelsey seeks review of his convictions and sentences for armed robbery and kidnapping. He alleges that the trial court reversibly erred in reading the jury instruction with respect to weighing the evidence that the jury could consider whether the witness has a general reputation for dishonesty or truthfulness. We agree that the trial court erred and that the jury instruction in question was not harmless. Accordingly, we reverse and remand for a new trial.
Kelsey’s charges arose out of an alleged kidnapping that occurred in Duval County, Florida. During trial testimony, no evidence was offered about any of the witnesses’ general reputations for dishonesty or truthfulness. At court conference, the trial court asked the counsels for each party whether the instruction on reputation should be read to the jury. The trial court justified the reading of the instruction based on two police officers’ testimony about how the victim-witness appeared after the alleged kidnapping occurred:
[Tjhere were inferences to be drawn from his previous interactions with the police officers, his previous demeanor ... [gjranted that’s not reputation, but it’s kind of like reputation.
*1267 Over the contemporaneous objection by defense counsel, the trial court instructed the jury that it may consider a witness’s reputation for dishonesty or truthfulness.
Although a trial court has broad discretion in instructing the jury, it errs when it gives an instruction that has no factual basis in the record. Butler v. State, 493 So.2d 451, 452 (Fla.1986); McGriff v. State, 12 So.3d 894, 895 (Fla. 1st DCA 2009). Here, both Kelsey and the State agree that the trial court erred because there was no evidence given as to any witness’s reputation for dishonesty or truthfulness. Thus, the trial court abused its discretion by reading the disputed instruction because there was no reputation evidence adduced at trial.
In this appeal, the State argues that the error was harmless. We cannot say “beyond a reasonable doubt that the error did not affect the verdict.” State v. DiGuilio, 491 So.2d 1129, 1139 (Fla.1986). The State asserts that the jury, acting rationally, would not confuse the testimony on a witness’s demeanor with testimony on his reputation, as the trial court had. We disagree with the State and reason that the improper instruction could naturally lead a reasonable jury to conclude reputation evidence had been presented. As Kelsey’s defense rested on questioning the alleged victim’s veracity, there is a reasonable- possibility the errant instruction affected the verdict.
Accordingly, we REVERSE Kelsey’s convictions and sentences and REMAND for a new trial.
LEWIS, C.J., VAN NORTWICK and SWANSON, JJ., concur.