DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

NALDREC ANTONIO-ULIK DIXON,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2022-2549

_____

January 17, 2025

Appeal from the Circuit Court for Hillsborough County; Samantha L. Ward, Judge.

Blair Allen, Public Defender, and Andrea Flynn Mogensen, Special Assistant Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Alicia M. Winterkorn, Assistant Attorney General, Tampa, for Appellee.


BLACK, Judge.

Naldrec Dixon appeals from his judgment and sentences for second-degree murder and attempted second-degree murder. The jury found Dixon guilty as a principal to both crimes. Following the verdict, Dixon filed a motion for judgment of acquittal arguing that the State's

evidence failed to establish that he acted as a principal.  Dixon's motion was well-taken and should have been granted.

"[I]n order to be a principal in a crime, one must have a conscious intent that the crime be done *and* must do some act or say some word which was intended to and does incite, cause, encourage, assist, or advise another person to actually commit the crime."  *See State v. Tovar*, 110 So. 3d 33, 36 (Fla. 2d DCA 2013) (alteration in original) (emphasis added) (quoting *L.J.S. v. State*, 909 So. 2d 951, 952 (Fla. 2d DCA 2005)). In this case, the State's evidence was legally inadequate as to both elements.  *Cf. Rocker v. State*, 122 So. 3d 898, 902 (Fla. 2d DCA 2013) ("In order to convict Rocker as a principal, the State had to prove two elements: (1) that Rocker intended for the robbery to be committed and (2) that Rocker assisted Banks in the commission of the offense."); *Hanks v. State*, 43 So. 3d 917, 918 (Fla. 2d DCA 2010) ("Mere presence at the scene of an offense is not sufficient to support a principals instruction."); *Rocker*, 122 So. 3d at 906 (Northcutt, J., concurring) ("[I]ntent cannot be circumstantially proved unless one or more of the circumstances demonstrate knowledge.").  Accordingly, we reverse Dixon's judgment and sentences and remand for entry of an order granting Dixon's motion for judgment of acquittal and for his discharge.

Reversed and remanded.

KHOUZAM and ROTHSTEIN-YOUAKIM, JJ., Concur.

_____

Opinion subject to revision prior to official publication.